Lewis *v.* Chicago, St. P. & K. C. Ry. Co.

(*Circuit Court, D. Minnesota.*   June 19, 1888.)

ASSAULT AND BATTERY—CIVIL ACTION—PLEADING.
    A complaint which alleges, as in the old common count, that defendant, by one of its employes, committed an assault and battery upon the plaintiff, another employe, is not demurrable.

At Law.   On demurrer to complaint.
Action by Douglas Lewis against Chicago, St. Paul & Kansas City Railway Company.

*W. W. Erwin* and *E. F. Lane*, for plaintiff.
*Lusk & Bunn*, for defendant.

BREWER, J. A demurrer was argued in this case, and I shall confine myself to a single issue raised therein. I think it settled law that a corporation can be held responsible for a tort, even to the extent of holding it liable for a tort of such a character that a court would call it so wanton as to be malicious; and that a master may be responsible for an assault and battery committed by one of his servants, whether that assault and battery be committed upon a co-servant or a stranger. I also take it to be settled under the rules of pleading that what was equivalent to a common count under the old practice is good now as against an objection raised by demurrer; and I think that is all that can be said about this pleading. It alleges that the defendant, by one of its employes, committed an assault and battery upon the plaintiff, another employe. That is the allegation in the pleading of a substantive and ultimate fact. What the particular facts may be, whether that assault and battery was committed in the line of his employment, and in the discharge of a duty which he owed the defendant, the master, as an employe, does not now appear. Of course, I do not mean to sanction the idea that if one of defendant's employes gets into a quarrel with another employe and assaults him, the master is liable. But the allegation of the pleading is general. The complaint says that the plaintiff was a porter, and the other employe a conductor on the same cars; but under what circumstances the assault and battery was committed·is not disclosed. It is set up, as in the old-fashioned common count, that the defendant, by one of its employes, committed an assault and battery upon another employe, and that is all. I will overrule the demurrer, with leave to answer in 40 days. There are one or two other errors alleged beyond this, but I do not deem them sufficient to warrant me in taking notice of them.