### QUILL *v.* NEW YORK CENT. & H. R. R. CO.

*(Common Pleas of New York City and County, General Term. June 16, 1890.)*

**1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS.**

    While plaintiff's intestate was standing at a railroad crossing outside of the westerly track, which was not in use for passing trains, a coal-cart collided with a passing train, and was thrown forward upon him, inflicting injuries which caused his death. The trial judge refused to charge that if the negligence of the driver of the cart caused the accident plaintiff could not recover, but did charge that there could be no recovery if the accident was caused exclusively by the negligence of the driver. *Held* no error.

**2. NEGLIGENCE—OTHER ACCIDENTS.**

    Nor was it error to refuse an instruction that, in considering whether the stationing of flagmen by defendant was sufficient to warn persons of approaching danger, the fact that it did not appear that at any time previous an accident had occurred at that place must be taken as conclusive proof of such sufficiency.

**3. SAME—WHAT CONSTITUTES.**

    It was proper, however, to charge that if a sudden and instinctive effort on the part of the driver of the cart to escape impending danger after receiving warning thereof resulted in the accident, there not being sufficient time to form an intelligent and deliberate judgment as to the best means of escape, negligence was not imputable to him.

**4. SAME—CONTRIBUTORY NEGLIGENCE.**

It was also proper for the trial judge to submit to the jury the question of decedent's contributory negligence, as under the circumstances the question whether he used proper care and caution was eminently one for the jury.

**5. SAME—INSTRUCTIONS.**

The mere statement of the trial justice that the crossing was a dangerous one was not subject to a valid exception, the charge having left all essential facts to be determined by the jury.

**6. SAME—EVIDENCE.**

The exclusion, as exhibits, of flags alleged to be similar to the one used by the flagman at the time of the accident, and the testimony relating to them, did not constitute error such as to entitle defendant to a new trial.

Appeal from trial term.

Action by John Quill, as administrator, etc., against the New York Central & Hudson River Railroad Company. There was a verdict for plaintiff. From the judgment entered thereon, defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Frank Loomis,* for appellant. *Hugh L. Cole,* for respondent.

BISCHOFF, J. This action was brought to recover damages for the death of plaintiff's intestate, alleged to have been caused by the carelessness and negligence of defendant's servants in the management of a train of cars, on the 29th day of March, 1888, at One Hundred and Thirtieth street and North river, in the city of New York. It appears that the road of the defendant at that place consisted of four tracks, and that at the time of the accident the decedent was standing west of the westerly track, and entirely outside of it, as some of the witnesses assert; or, according to others, with one foot on the westerly rail of the westerly track, which track at the time of the accident was in use only for the storage of defendant's freight-cars, and not for the passage of its trains. At the foot of West One Hundred and Thirtieth street and west of defendant's tracks there was a public ferry to Fort Lee, N. J., and a coal-yard owned by one Tone. Murphy, the driver of a coal-cart, was proceeding westward along One Hundred and Thirtieth street towards Tone's coal-yard, and had nearly succeeded in crossing defendant's tracks when the tail end of his cart came into collision with one of the defendant's freight trains which was being backed in a southerly direction across One Hundred and Thirtieth street. The collision caused the coal-cart to be thrown forward in a westerly direction upon plaintiff's intestate, thus inflicting upon him the injuries which caused his death shortly afterwards. It was contended on the part of the plaintiff that at the time of the accident the decedent was in a position of perfect safety to himself; that the collision between the coal-cart and the defendant's train was due to neglect on the part of the defendant's servants to give proper and timely warning of the danger of an approaching train to persons seeking to cross the railroad at One Hundred and Thirtieth street; that persons attempting to cross the railroad at One Hundred and Thirtieth street in a westerly direction were prevented by intervening obstructions from seeing trains coming from the north in time to avoid a collision; and that Murphy was not sufficiently warned by defendant's flagman, or otherwise, to afford him opportunity of avoiding impending danger. Defendant on the other hand contended that trains approaching from the north were visible at a distance sufficient to warn Murphy of the danger of an attempt to cross the track, and to allow him ample opportunity to remain in or to reach a place of safety, but that not heeding the warning of the flagman, or the bell of the approaching train, he recklessly proceeded to cross the track, thus causing the collision which resulted in the death of the plaintiff's intestate. Defendant also contended that the decedent himself was guilty of contributory negligence in remaining where he was at the time of the accident. At the trial there was testimony in support of the several contentions of the parties to this action; the plaintiff maintaining that the decedent met his death

solely through the carelessness of defendant's servants, and the defendant contending that the negligence of the plaintiff's intestate contributed to the injury, and also that the accident was caused wholly by the recklessness of Murphy. Upon this conflicting evidence the learned trial justice submitted the question of defendant's negligence and the decedent's contributory negligence to the jury, who found a verdict in favor of plaintiff for $3,000.

There was sufficient evidence to sustain a finding of negligence on the part of the defendant's servants, and of no contributory negligence on the part of the decedent, and the appellate court cannot disturb the verdict on the ground that it was not warranted by the evidence. The trial justice was requested to charge the jury that if the negligence of the driver of the cart caused the accident the plaintiff could not recover. That request was refused. The justice, however, charged that the plaintiff could not recover if the accident was caused exclusively by the negligence of the driver of the coal-cart. Neither the refusal to so charge as requested nor the charge as made is erroneous. It is well settled by an abundance of decisions that for the injuries caused by the concurrent negligence of two or more persons any or all are liable. *Booth* v. *Railroad Co.*, 73 N. Y. 38; *Webster* v. *Railroad Co.*, 38 N. Y. 261.

The trial justice charged the jury that, if they believed the stationing of the flagman by the defendant to warn persons of approaching danger was sufficient for that purpose, negligence could not be imputed to defendant because of its failure to provide other means for the same end. But he declined to instruct the jury as requested, that, in considering the sufficiency of provision by flagmen, the fact that it does not appear that at any time previous an accident had occurred at that precise place must be taken as conclusive proof of such sufficiency. No error was committed in that declination to instruct the jury. The question under consideration was the negligent conduct of the defendant's servants at the time of the accident to the plaintiff's intestate, and the fact that there was no proof of any accident at that same place prior to the one resulting in his death does not appear to be either relevant or material to the determination of the question at issue.

An exception was also taken by defendant to so much of the charge as stated that if a sudden and instinctive effort on the part of the coal-cart driver, Murphy, to escape impending danger after receiving warning thereof resulted in the accident, there not being sufficient time to form an intelligent and deliberate judgment as to the best means of escape, negligence was not imputable to him. This charge was proper, and is well sustained by authority. *Lowery* v. *Railway Co.*, 99 N. Y. 158, 1 N. E. Rep. 608.

It was proper for the trial justice to submit to the jury the question of decedent's contributory negligence in remaining within or partly within the rails of the westerly track at the time of the approach of the train from the north. If the plaintiff's version of the accident be true, the decedent's position was one of safety to himself, the westerly track being obstructed by defendant's cars, and not otherwise in use, and being at such a distance from the main down track, upon which the collision occurred, as to render it practically impossible for the decedent to receive injury from the approaching train without the intervention of negligent conduct on the part of defendant's servants or others. Hence, under such circumstances, contributory negligence could not be imputed to him as a matter of law. It was not unlawful for him to be upon the westerly track upon the public highway, to the use of which he was as much entitled for the purpose of transit as was the defendant for the operation of its road. It was incumbent upon him to use proper care and caution in traveling upon the public highway so that the risk of injury to himself might be avoided, and whether he did so or not was eminently a question of fact to be determined by the jury. Neither did the statement of the learned trial justice that the crossing was a dangerous one amount to a

misdirection. It was, at most, a statement of his opinion upon the evidence. The charge fairly and impartially left all facts necessary to support a verdict to be passed upon by the jury, and the mere statement of his opinion by the trial justice concerning the evidence, not involving an instruction to the jury that they must accept as true a fact concerning which there was conflicting evidence when the charge directed all essential facts to be determined by the jury, was not subject to a valid exception. *Massoth* v. *President, etc.,* 64 N. Y. 534. And though the particular portion of the charge excepted to may have, in effect, amounted to an assumption of a fact which should have been left to the jury, the exception to it would be nevertheless insufficient unaccompanied by a specific request that the fact assumed be disposed of by the jury, and there is no such request before us. *Mallory* v. *Railroad Co.,* 3 Abb. Dec. 139.

The only exception urged by the defendant to the rulings of the learned trial justice on the admission or exclusion of evidence taken upon the trial is that relating to the defendant's unsuccessful attempt to introduce, as exhibits, the flags alleged to be similar to the one used by the flagman at the time of the accident. The exclusion of these flags, and the testimony relating to them, did not constitute error of so grave a character as to entitle the defendant to a new trial. The flags sought to be introduced were not the only means available to the defendant for the purpose of illustrating the one used by defendant's flagman when the collision complained of occurred, and they cannot therefore be said to have been material and necessary instruments of evidence for the defense. The judgment should be affirmed, with costs to the respondent.