(7 Misc. Rep. 493.)

### BIRNBAUM v. LORD et al.

(Common Pleas of New York City and County, General Term. March 14, 1894.)

1. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—PLEADING.
   In an action for personal injuries, caused by driving a wagon over plaintiff in the street, the complaint is sufficient to show that the driver was acting as defendants' servant at the time of the accident, where it alleges that the wagon belonged to defendants, and was driven by one of their agents or servants.

2. TRIAL—OBJECTIONS TO EVIDENCE—SPECIFICATIONS OF GROUNDS.
   Exceptions to evidence are not available unless the grounds of objection were stated.

3. NEGLIGENCE—EVIDENCE.
   In an action for personal injuries it appeared that while plaintiff, a boy 12 years old, was crossing the street, he was run over by defendants' wagon. Immediately before plaintiff started to cross the street, the wagon was going slowly, but while plaintiff was crossing the driver urged his horse, and plaintiff tried to run across in front of the wagon. *Held,* that the questions of negligence and contributory negligence were properly submitted to the jury.

Appeal from city court, general term.

Action by Joseph Birnbaum, an infant, by his guardian ad litem, against Samuel Lord and another, to recover damages for the alleged negligence on the part of the driver of defendants' wagon in running over plaintiff, a boy about 12 years old, while he was crossing Chrystie street at Stanton street, in New York city. From a judgment of the city court (27 N. Y. Supp. 135) affirming a judgment in favor of plaintiff, entered on a verdict for $250, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

H. Tompkins, for appellants.

E. C. Stone, for respondent.

PER CURIAM. The complaint was sufficient in alleging that the wagon belonged to defendants, and was driven by one of their

agents or servants, although it does not otherwise allege that the latter was then engaged in the defendants' business; but that is involved in the allegation that the wagon was driven by their agent or servant, for, if the driver was not engaged upon his master's business, he would be neither agent nor servant, but his own master. As to the proof of ownership of the wagon, the defendants' name was on the wagon, and there is no pretense of evidence on the trial that it did not belong to them. No witness was called by them on that point, although the proof of the fact, if it existed, must be deemed to be in defendants' possession. All presumptions on that point were therefore against them. Wennerstrom v. Kelly (Com. Pl. N. Y.) 27 N. Y. Supp. 326. The ownership of the wagon and the agency of the driver were therefore questions for the jury.

As to the exceptions to rulings upon evidence, in some cases the grounds of objection were not stated, and the exceptions are of no avail. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457. As to the objection to the question calling for the conversation of the plaintiff's witness Stone with the alleged superintendent of the defendants, it was put upon the ground that the conversation was in the absence of the defendants; not that the person in question had no authority to act for them. When the conversation was given, and it appeared that the alleged superintendent had impliedly admitted that the accident had been reported to him by some person in defendants' employ who had charge of the horses and wagons, a motion was made to strike it out upon the ground that it was a conversation with an alleged servant of defendants, in their absence; not upon the ground that the servant had no power to bind his master by such admissions. Besides, the motion was to strike out all the testimony, and it did not consist wholly of admissions. The alleged superintendent directed that the doctor call and see the boy. This was an act which might have been within his authority; and the motion to strike out, as we have seen, was not based upon want of authority. The exception to the ruling made upon an objection which did not point out the error is not available. Sterrett v. Bank, 122 N. Y. 659, 25 N. E. 913.

There is no force in the objection that the minutes of the former trial were improperly admitted. They were proved without objection by the testimony of defendants' counsel. There was no objection that the proper foundation for their admission in impeachment of defendants' witness had not been laid by first questioning the witness as to his testimony upon the former trial. The judge's statement that they were admitted to impeach the witness was not excepted to. The exception was as to the admission of the minutes, and the attention of the court was not called to the point now made, —that the reasons given for admitting the paper might have influenced the jury.

On the main issue in the case—that of negligence—there seems to have been sufficient evidence to go to the jury on the question both of the driver's negligence and the alleged contributory negligence of the plaintiff. Here was a boy of 12 years of age, carrying a load of empty cigar boxes, and about to cross the street. When he left the

sidewalk, and first saw this wagon, it was in the middle of the block, going slowly; so that it was not imprudent for him to cross at that time. While crossing, the driver whipped his horse, and said, "Get up," and the horse began to run. The plaintiff tried to run across, and was struck. The presumption is that the driver saw him in view, because it was his duty to look out before him for pedestrians, and so he could have easily avoided the accident by turning his horse. Whether it was prudent on the boy's part, when he heard and saw the driver, and the horse commenced to run, to cross in front of the horse, or whether he should have stepped back, was a question for the jury; and it is for them to say whether he exercised that care which was to be expected of a boy of his age. Even if it were not a prudent act for him to start and run, the sudden peril excused him. If a sudden and instinctive peril on his part to escape impending danger, after receiving warning thereof, resulted in the accident, there not being time to form an intelligent and deliberate judgment as to the best means of escape, negligence is not imputable to him. Quill v. Railroad Co. (Com. Pl. N. Y.) 11 N. Y. Supp. 80, affirmed 126 N. Y. 629, 27 N. E. 410. The judgment must be affirmed.