(11 Misc. Rep. 432.)

NICHOLSBURG v. SECOND AVE. R. CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

CONTRIBUTORY NEGLIGENCE—ATTEMPT TO AVOID SUDDEN DANGER.

In an action for personal injuries, a verdict for plaintiff will not be disturbed where it appears that the accident occurred while plaintiff was attempting to avoid sudden danger occasioned by defendant's negligence, though, if plaintiff had adopted another course, he would have escaped injury.

Appeal from Seventh district court.

Action by Henry Nicholsburg against the Second Avenue Railroad Company for injuries to plaintiff's vehicle sustained by a collision with defendant's street car. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Payson Merrill, for appellant.
Max Bayerdorfer, for respondent.

BISCHOFF, J. An examination of the record leads to the conclusion that the determination of the justice below is to be supported. From the evidence it appears that the plaintiff was justified in his attempt to cross the track in front of the defendant's car, there being a sufficient distance between the vehicles to render the act consistent with his duty as imposed by law, in view of the facts testified to with regard to the slow approach of the car. It is not disputed that the driver of the car suddenly caused an acceleration of its speed, and the evidence supports the conclusion that this acceler-

ation was the cause of the accident, and that it was due to a disregard of that care upon the part of the defendant's servant which was called for by the circumstances. It is claimed, however, that the plaintiff was chargeable with contributory negligence by reason of his failure to drive directly across the track, as was his original intention, but at an accelerated speed, when he observed the sudden impetus given to the car. What he actually did was to turn his vehicle, and endeavor to drive along the track, in front of the car, and away from it, to enable the driver to lessen its speed in time to avoid a collision; but the attempt was unsuccessful, and the accident resulted. It might be assumed that by taking a different course the plaintiff could have avoided the injury, but this sudden call upon him to adopt one of two courses in the face of danger was caused by the defendant's negligent act in creating the dangerous situation, and we are not to say that a recovery was unauthorized because the course chosen was not shown to be obviously the wiser and safer of the two. Quill v. Railroad Co., 16 Daly, 313, 11 N. Y. Supp. 80; Id., 126 N. Y. 629, 27 N. E. 410; Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. 608. The judgment should be affirmed, with costs.