## J. C. LEWIS v. HENRY SCHULTZ, SR., JULIUS SCHULTZ AND HENRY SCHULTZ, JR., Appellants.

**Master and Servant.** A master is liable for the wrongful act of his servant, performed within the scope of the employment, even though in the performance of the specific wrongful.act, the servant disobeys the instructions of the master.

PRINCIPAL AND AGENT: *Jury question.* A farm owner gave his son general authority to act for him in conducting the farm. The owner sent the son and a servant to clear up a tract of prairie land which had some large ant-hills and a pile of hay upon·it, so that the land could be mowed the next year. When they got to the land, the servant, with consent of the son, set fire to said hay. The fire escaped, and an action was brought against the farm owner for damages caused by setting said fire. *Held,* it was proper to submit to the jury whether the son was authorized to set the fire, or order it set. Also, whether in setting the fire, the servant acted under authority implied in the scope of his employment.

**Plea and Proof.** A complaint, which alleges that fire was set to prairie, by defendant, his servants or agents, raises the issue whether a servant who set the fire, is the agent of defendant, and whether such agent was acting within the scope of his authority.

**Prairie Land:** CONSTRUCTION OF STATUTES. A tract of land, two to four miles wide, and five to six miles long, covered with wild grass, which has never been cultivated, and which several witnesses describe as a prairie, will sustain a finding, that such a tract is prairie land within Code, section 3890, making it a misdemeanor for anyone to set fire to prairie land, and allow the fire to escape from his control.

*Appeal from Council Bluffs. Superior Court.*—HON. J. E. F. McGEE, Judge.

TUESDAY, May 19, 1896.

NOTE.—For a very extensive review of the civil responsibility on an·employer for the wrongful or negligent acts of his servant, see *Ritchie v. Waller* (Conn.), 27 L. R. A. 161.

ACTION at law to recover damages of the defendants for setting out a fire in the month of September, 1894. The answer was a general denial. The case was tried to a jury, which returned a verdict for plaintiff against Henry Schultz, Sr., and Julius Schultz, in the sum of six hundred and twenty-five dollars, upon which judgment was rendered, and they appeal. —*Affirmed.*

*Mayne & Hazelton* for appellants.

*Flickinger Bros.* for appellee.

DEEMER, J.—The action is predicated upon an alleged violation of the statute (Code, section 3890), which is as follows: "If any person set fire to, or burn, or cause to be burned, any prairie or timber land, and allow such fire to escape from his control, between the first day of September in any year and the first day of May following, he shall be deemed guilty of a misdemeanor,". etc. The evidence shows that one Joseph Leibezeit was in the employ of the defendant, Henry Schultze, Sr., as an ordinary farm hand from August 3 to September 29, 1894; that while so employed he set out a fire on some prairie land owned by his employer, which he allowed to escape, and burn certain hay in the stack belonging to plaintiff and his assignors. The defendants, Julius Schultz and Henry Schultz, Jr., are adult sons of Henry Schultz, Sr., and at the time of the fire were at home working for their father. It is claimed on behalf of the appellee that the sons expressly directed the setting out of the fire, and that the father is liable because of his relations to Leibezeit. The lower court directed a verdict for Henry Schultz, Jr., upon the theory that there was no evidence tending to show that he was in any manner connected with, or concerned in,

the setting of the fire, and submitted the case to the jury to determine (1) whether Julius expressly authorized the setting out of the fire; (2) whether Julius had such authority from his father as that his direction to Leibezeit to set out the fire, if given, would be binding upon the father and render him liable; and (3) whether Leibezeit, as the servant of Henry Schultz, Sr., had implied authority to set out the fire. The jury found that the father and his son Julius were liable for the damage done, and, although it returned no special verdict, it is apparent that it determined that Julius gave the servant express authority to set out the fire; and that the father either authorized the son Julius to burn the prairie, or that the servant had the implied authority to do so from the father, who was his master.

I. Appellants first insist that the fire was not set to prairie land. Their contention is that it was set out in a cultivated field, and that they are not to be held responsible under the section of the Code above quoted. In answer to this contention it is sufficient to say that several witnesses testified that the fire was set out on prairie land; that the country where it was set out was a prairie from two to four miles wide and from five to six miles long. The evidence all tends to show that the land was meadow, covered with wild grass, and that it had never been under cultivation.

II. It is also insisted on behalf of appellants, that there is no evidence showing, or tending to show that the father had anything to do with the setting out of the fire. It is conceded on behalf of appellee, that there is nothing to show that the father expressly authorized the act, but it is contended that there is evidence from which the jury may have found either that he authorized his son Julius to have the fire set out, or that he impliedly

authorized his servant to do so. On account of a dispute regarding the correctness of the abstracts, we have gone to the transcript to determine the questions here presented, and find that there is evidence tending to show that defendant Henry Schultz, Sr., sent his servant, whom he describes as a man of all work about the farm, with his two boys, to the meadow to fix it up so it could be mowed the next year,—to level it off, clear it up, cut down the ant-hills, and get it in shape for the next year; that the meadow had some large ant-hills upon it, and that there was also an old pile of hay or "butt of stacks," about ten feet wide and twenty-two feet long, upon the meadow, which covered quite a large ant-hill, and that the fire was set to this hay by Joseph Leibezeit, in order to clear up the land. The evidence further tends to show that Julius Schultz said, shortly after the fire was set out, that Leibezeit told him he was going to set it out and that he (Julius Schultz) said, "All right." And there was also evidence tending to show that Julius had general authority to act for his father in all matters concerning the conduct of the farm. The record also shows that the father and his two sons were discussing the advisibility of burning the hay in the presence of Leibezeit the day before the fire was set out, and that the father said he would rather let it be, as the wind was too high; and that on the day when the fire was set out, as Julius and Henry, the sons, and Joseph, the servant, were going to the field, Julius and Henry said they intended to burn the hay that day, as the wind was not so strong as the day before; and that, as they came to the meadow, Julius directed the servant, Leibezeit, to set fire to the hay on the north side, as the wind was blowing from the south. Manifestly there was sufficient evidence to justify the court in submitting the propositions of fact involved in the case to the jury,

III.   Appellant insists, that the case was tried and submitted to the jury upon an issue not made in the pleadings, or supported by the evidence, *i. e.*, that the loss was the result of the act of a servant within the scope of his employment.   The petition alleges, that defendants, their servants and agents, set out the fire.   Surely, this raised an issue as to whether the person who set out the fire was an agent of the defendants, and also as to whether the act was within the scope of his employment.   We have demonstrated, as we think, that there was evidence from which the jury may have found that the setting out of the fire was within the scope of the servant's employment.   He, with the two sons of the senior Schultz, was directed "to go to the meadow, to fix it up, so it could be mowed; to level it off, clear it up, cut down the ant-hills, and get it in shape for next year."   The evidence also shows that the hay which remained on the ground was an obstruction which would interfere to some extent with the use of the mower during the next season, and, if left, that it would kill the grass which it covered.   It also appeared that the removal or destruction of part of the hay was necessary in order to level ant-hills which it covered.   Surely the setting out of the fire was within the scope of the servant's employment, or at least the jury was authorized to so find.   It does not follow that because the master gave no express directions to set out the fire, and did not know of it until after it had been done, he is to be exonerated.   If the servant was acting in the course of his employment, in clearing up and leveling off the meadow, and while so doing committed the wrong complained of, the master is liable, although the servant may have disobeyed the master's instructions with reference to setting out fire.   It is sufficient to make the master responsible if the wrongful act of the servant was committed

in the business of the master, and within the scope of his employment, and this, although the servant in doing it departed from the instructions of his master. Mechem, Ag. section 734. Or, as stated by Judge Cooley in his work on Torts (2d Ed.) page 63: "It is, in general, sufficient to make the master responsible, that he gave to the servant an authority, or made it his duty, to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment." See, also, *Johnson v. Barber*, 10 Ill. 425; *Johnson v. Railroad Co.*, 58 Iowa, 348 (12 N. W. Rep. 329); *Moir v. Hopkins*, 16 Ill. 313; *Cosgrove v. Ogden*, 49 N.Y. 255; *McKinley v. Railroad Co.*, 44 Iowa, 318; *Evans v. Davidson* (Md.) (36 Am. Rep. 400).

IV.  Certain of the instructions are complained of.  We need not set them out.  It is sufficient to say that they state the law correctly, and had evidence in their support.  What we have said in the other paragraphs of this opinion answers all the objections which are lodged against them.  We discover no error in the record, and the judgment is AFFIRMED.