BERTHA O. GARVIK v. THE BURLINGTON, CEDAR RAPIDS & · NORTHERN RAILWAY COMPANY, Appellant.

**Rape:** COMPLAINT OF PROSECUTRIX. Proof of complaint by a prosecutrix is not absolutely essential to a conviction for rape, but its absence is a circumstance to be considered by the jury in connection with the age, intelligence and experience of the injured party.

**Rape:** EVIDENCE. In an action against a railway company for rape committed on a passenger by one of its employés the evidence is held sufficient to show a commission of the offense.

**Railways:** ACTS OF EMPLOYÉS: LIABILITY. A railway company is liable in damages for a rape committed on one of its passengers by an employé.

**Contributory negligence:** INSTRUCTIONS. In an action for damages against a railway company for a rape committed on one· of its passengers by an employé, submission of the question of. contributory negligence is not required, especially where there was no conflict in the evidence as to what took place between the plaintiff and defendant and the court told the jury that plaintiff could not recover if she consented to the intercourse.

**Railroads:** PASSENGERS: CARE. A railway company is held to the highest degree of care of its passengers and is responsible for a wrong done them by an employé.

**Evidence taken on a former trial.** Where testimony taken on a former trial is used by both parties it should be considered by the jury and given the same effect as though taken in open court.

**Rape:** DAMAGES: INSTRUCTION. An instruction in an action for rape that the jury might award plaintiff such damages as she sustained, by reason of defendant's act, did not authorize an award for loss of time in caring for the child, born as a result of the intercourse.

**Rape:** EXCESSIVE DAMAGES. A verdict of $8000 damages for rape resulting in pregnancy and birth of a child is held excessive, where the evidence did not disclose great physical disability, and but slight mental pain and suffering.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

THURSDAY, JULY 12, 1906.

SUIT by a passenger to recover damages for an assault alleged to have been committed by one of the defendant's trainmen. Trial to a jury and verdict and judgment for the plaintiff. The defendant appeals. Affirmed on condition that plaintiff remit a portion of the judgment.

*Carroll Wright* and *J. L. Parish,* for appellant.

*B. L. Wick, Crosby & Fordyce,* and *Lewis Heins,* for appellee.

SHERWIN, J.— The act for which recovery is sought is alleged to have been committed on one of the defendant's trains on the 9th of October, 1899. The controlling facts on which the suit is based are substantially and briefly as follows: The plaintiff is a native of Norway, where she lived until the fall of 1899. Her father and an uncle came to Iowa prior to that time, and in May, 1899, the uncle went

to Norway, returning to this country in the early days of
October, accompanied by the plaintiff, her mother, and a
brother and sister; the latter twelve years of age. The
plaintiff was then twenty-three years old. When the party
left Cedar Rapids on the defendant's train, the plaintiff, her
mother, and sister occupied seats together in one coach, and
the uncle and her brother were in another coach of the same
train. Their destination was Larchwood, Iowa. The train
left Cedar Rapids about midnight, and the evidence tends to
show that, during the remainder of the night, Dye, the
brakeman charged with the act, was very attentive and
pleasant to the plaintiff and her sister, several times stopping
to chat with them, although they could understand nothing
that he said. About six o'clock in the morning, while it
was yet dark, the plaintiff went to a toilet room in the rear
end of the car, and she claims that, immediately after she
entered it and closed the door, Dye opened the door, went in,
and shut and bolted the door, and that he then by putting
her in great fear, and by preventing her attempted outcry,
had sexual intercourse with her. After the consummation
of the act, Dye left the toilet room at once, and in a very
few minutes thereafter the plaintiff returned to her seat in
the car. She made no complaint to any one, and neither
her mother nor her father knew of the transaction until about
two months thereafter, when their family physician dis-
covered that she was enceinte, and so informed them. She
says, however, that at about that time she told her sister
what had happened on the train. She gave birth to a child
on the 28th of June, 1900.

In this connection we may as well dispose of the ap-
pellant's contention that the verdict is not supported by suf-
ficient evidence. It may well be conceded that the case
made by the plaintiff's own testimony pre-
sents some rather unusual features; but, not-
withstanding this concession, if it be true that
sexual intercourse was accomplished by putting her in fear

1. RAPE: com-
plaint of prose-
cutrix.

and by preventing an outcry while it was being attempted and consummated, she should recover. While the ordinary female who has been ravished will make the fact known to her family or friends at the very earliest possible moment, complaint is not always made, and we have repeatedly held that conviction in criminal cases charging rape, is proper though no complaint be made. In other words, absence of complaint is not conclusive, but the jury are to consider all of the facts and circumstances surrounding and connected with the transaction, including the age, intelligence, and experience of the injured party. *State v. Cross,* 12 Iowa, 66.

In addition to denial of the alleged transaction in the toilet room, Dye testified that, owing to an injury to his penis received in 1881, he had never since that time had an erection or been able to have sexual inter-

2. RAPE: evidence. course. His wife also testified to the same effect. This testimony was not conclusive, however. Dye would, of course, shield himself as far as possible, and the jury was not bound to believe the wife rather than the plaintiff. The smiles and the attention bestowed on the plaintiff and her sister by Dye during the night journey north from Cedar Rapids are not indicative of copulative incapacity and we are not greatly surprised that the jury did not fully credit the testimony he offered on the subject. The question was for the jury, and the verdict, as to the commission of the act by Dye, is sufficiently supported by the evidence.

The appellant urges that its request for a directed verdict should have been granted because the cause of action set out in the petition could not be maintained against it.

3. RAILROADS: acts of employés: liability. It is conceded by appellant that, if Dye made an assault upon the plaintiff while she was a passenger on its train, a cause of action would arise for a breach of the implied duty to furnish her protection during such time; but it is said that the basis of her claim is that the defendant, through its agent, committed

a criminal assault upon her. It is true the petition alleges an assault amounting to rape, but at the same time it makes other allegations presenting a cause of action concededly maintainable. It alleges that the plaintiff was a passenger on the defendant's train, and that, while it was transporting her, one of its servants or agents committed the act complained of. It is shown without question that Dye was one of the appellant's servants engaged in the operation of the train in question, and, if he committed the assault complained of, the appellant is liable to respond therefor because of its duty to its passengers. 3 Thompson on Negligence, section 3184; 2 Shearman & Redfield on Negligence, section 513, and cases cited; *Garvik v. Railway Co.*, 124 Iowa, 691, the first appeal in this case; *McKinley v. Railroad Co.*, 44 Iowa, 314; *Johnson v. C. R. I. & P. R. Co.*, 58 Iowa, 348; *Lewis v. Schultz,* 98 Iowa, 341; *Goddard v. Grand Trunk Ry. Co.*, 57 Me. 222, (2 Am. Rep. 39).

It is further said that there was error in not submitting to the jury the question of the plaintiff's contributory negligence. No such instruction was necessary under the rule announced in *Bryan v. C. R. I. & P. Ry. Co.*, 63 Iowa, 464. But, were the rule otherwise, there was no conflict in the testimony as to what took place between the plaintiff and Dye in the toilet room, and, if they were there together, the evidence conclusively shows that the plaintiff did nothing to contribute to her injury. Just what acts on the part of the plaintiff would amount to contributory negligence in a case of this nature are not pointed out. The court instructed that, if she consented to the intercourse, she could not recover, and it is quite evident that whatever she may have failed to do after the wrong was committed was immaterial.

4. CONTRIBUTORY NEGLIGENCE: instruction.

Instructions 4 and 5 are criticised, but we think unjustly so. The fourth told the jury that it was the duty of the defendant to exercise the highest degree of care towards the plaintiff while she was a passenger on its train,

and that, if she was assaulted by one of appellant's servants

during said time, it was liable for such as-

5. RAILROADS: sault. The instruction is in line with the
passengers:
care.          rule of law governing the case, and unless we

indulge in undue technicality as to the issue presented by the
petition, no fault can be found therewith.

Testimony taken on other trials of the case was used by

6. EVIDENCE     both sides, and the court instructed that it was
TAKEN ON FOR-
MER TRIAL.     to be treated and considered by the jury and

given the same effect as if the same witnesses had testified in
open court. There was no error in so instructing.

It is contended that the court's statement of the issues,
in connection with its eighth instruction, authorized the
jury to award damages for time lost in caring for the child.

7. RAPE: dam-    The statement of the issues did not fairly
ages: instruc-
tion.          imply that the plaintiff was asking such dam-

age, and the instruction told the jury only
that it might award damages for the loss of time sustained
by reason of Dye's conduct. There is no merit in the com-
plaint.

The verdict and judgment were for $8,000, and it is
urged that the verdict is so excessive as to indicate passion
and prejudice on the part of the jury. Considering the en-

8. RAPE: exces-   tire record before us, we are agreed that the re-
sive damage.    covery is excessive; but we agree further

that the amount found by the jury does not necessarily in-
dicate improper influence. There is some evidence tend-
ing to show physical disability on account of the birth of
the child, and testamony tending to show some mentl
pain and suffering. On the other hand, the plaintiff her-
self testified to conditions existing since the injury,
strongly indicating that her mental anguish on account of
the outrage was neither great nor lasting. Indeed, her
failure to make it known until her condition, the result
of the intercourse, was discovered, negatives the thought
of great indignation and mental suffering. The jury may

have acted in perfect good faith in finding that the assault was made by Dye as claimed, and still not have analyzed, as carefully as we have tried to do, the evidence as to the damage suffered on account thereof.   The judgment should be reduced to $3,000.   If the plaintiff shall elect, in a writing filed with the clerk of this court within thirty days, to accept such sum in full satisfaction of her claim for damage against the defendant, the case will stand affirmed; otherwise it will be reversed.

*Affirmed* on condition.