[Civ. No. 672.   Third Appellate District.—March 8, 1910.]

## XAVIER FISHER, Respondent, v. WESTERN FUSE AND EXPLOSIVES COMPANY, a Corporation, Appellant.

NEGLIGENCE—DESTRUCTION OF DWELLING BY EXPLOSION OF POWDER-MILL —SUFFICIENCY OF COMPLAINT.—A complaint for damages for destruction of plaintiff's dwelling by the explosion of defendant's powder-mill, the gravamen of which is that on a certain day defendant carelessly, negligently, improvidently, and unsafely maintained a powder magazine, which was improperly constructed, in the vicinity of plaintiff's dwelling, and employed a careless, heedless and reckless servant, whose duty it was to take care of said powder magazine, well knowing his unfitness, and that on said day, the powder in said magazine was exploded as the result of defendant's negligence, and by the act of said servant, in recklessly and heedlessly igniting said powder, to the damage of plaintiff's property in the sum of $1,400, states a sufficient cause of action, and a general demurrer thereto was properly overruled.

ID.—RULE FOR PLEADING NEGLIGENCE—CODE RULE MODIFIED—GENERAL TERMS—ACT NEGLIGENTLY DONE.—In cases of negligence, the general rule of code pleading that the complaint must state the facts constituting the cause of action is modified, so that a complaint for negligence may state it in general terms without stating the facts constituting it, but specifying, however, the particular act alleged to have been negligently done.

ID.—AVERMENT OF "RECKLESS AND HEEDLESS" ACT OF SERVANT—"NEGLIGENCE" IMPLIED.—Where the complaint shows that the particular

act immediately causing the injury was the result of the "reckless and heedless" act of defendant's servant in igniting the powder, both of those words imply "negligence or want of care."

ID.—RESPONSIBILITY OF MASTER FOR SERVANT'S NEGLIGENCE—AUTHORITY OR RATIFICATION NOT REQUIRED.—The principal or master is civilly responsible for wrongs committed by his agent or servant, while about the business of the principal or master, and within the scope of the employment of the agent or servant. The master is liable for a tortious or negligent act of a servant committed while performing his master's service, though not previously authorized nor subsequently ratified by the master, if an injury results to one to whom the master owes protection therefrom.

ID.—AVERMENTS IMPLIED—IMPLIED DUTY TO PREVENT EXPLOSION—VIOLATION—IMPLIED SCOPE OF AUTHORITY.—Where the complaint sets forth the servant's care, custody and management of the powder, from which his duty is implied to use care to prevent an explosion thereof, and shows the clear and unmistakable violation of his duty as such servant, it thus appears by necessary implication that the servant was acting within the scope of his authority in negligently permitting or causing the explosion, and an express allegation to that effect is not required.

ID.—AVERMENTS OF NUISANCE.—The allegations that the magazine was improperly constructed, and negligently, imprudently and unsafely maintained, and setting forth the location thereof, sufficiently to show that the manner of the construction and maintenance of the magazine was dangerous to life and to property, exhibit the familiar case of a nuisance, and state a cause of action on that theory, regardless of further negligence in causing the explosion.

ID.—SUFFICIENCY OF COMPLAINT—PROXIMATE CAUSE OF INJURY—CONTRIBUTING CONDITIONS OF EXPLOSION.—It is held that, under either view, the complaint is not open to a general demurrer, and that the proximate cause of the damage appears to have been the negligence of the defendant in the construction and maintenance of the magazine, and the reckless act of the servant acting within the scope of his authority, these two conditions existing at the time of the explosion, and both contributing to the injury done to plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

G. R. Lukens, for Appellant.

Reed & Nusbaumer, M. C. Chapman, A. A. Moore, Stanley Moore, and W. H. Orrick, for Respondent.

BURNETT, J.—The appeal is from the judgment on the judgment-roll alone. The only question for determination concerns the ruling of the court below overruling a general demurrer to the amended complaint.

The action was brought to recover damages for the destruction of plaintiff's dwelling-house, and the gravamen of the charge is contained in the following allegations: "That on the said nineteenth day of July, 1898, defendant carelessly, negligently, deceitfully, secretively, improvidently, and unsafely maintained a powder magazine, which was improperly constructed, containing not less than five thousand pounds of powder, and situated upon the corner of Clark and A streets in Melrose. . . . Defendant, on said nineteenth day of July, 1898, had in its employ a careless, heedless, reckless, and dangerous servant, whose duty it was to handle, carry, and take charge of the powder in said magazine and to whom it gave free access to said magazine, at all times. Said servant was a Chinaman, called Ah Ung, and his carelessness, recklessness, heedlessness and unfitness were at all times well known to defendant. On the said nineteenth day of July, 1898, the said powder, stored in the said magazine, was exploded, as a result of defendant's aforesaid negligence, and by reason of the act of said servant in recklessly and heedlessly igniting said powder."

The foregoing is followed by an averment that the said explosion damaged plaintiff's said property to the extent of $1,400.

Under the authorities, it is sufficient to allege that an act was negligently done by defendant, and that it caused damage to plaintiff. The rule is stated in *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 147, [34 Pac. 619], as follows: "In adopting what is known as the code system of pleading, courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence, or rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification of a rule of code pleading is founded in wisdom, and grows out of a fundamental rule in common-law pleading to the effect that 'no greater particu-

larity is required than the nature of the thing pleaded will
conveniently admit.' (Stephens' Pleading, 367.) . . . In
cases of negligence, the sufferer may only know the general,
the immediate, cause of the injury, and may be entirely
ignorant as to the specific acts or omissions which lead up to
it. . . . The term 'negligence,' for the purpose of pleading,
is a fact to be pleaded—an ultimate fact, which qualifies an
act otherwise not wrongful. Negligence is not the act itself,
but the fact which defines the character of the act and makes
it a legal wrong. The absence of care in doing an act which
produces injury to another is actionable. The term 'negli-
gence' signifies and stands for the absence of care. . . . As a
result of the application of these principles to code pleading
in cases of negligence and to others of kindred character, it
is held in this state, and in nearly all the United States,
that it is sufficient to allege the negligence in general terms,
specifying, however, the particular act alleged to have been
negligently done.''

Here, the particular act immediately causing the injury
was the explosion of the gunpowder. This was the result of
"the reckless and heedless" act of defendant's servant in
igniting said powder. Both *reckless* and *heedless* imply "neg-
ligence or the want of care."

The only question, then, remaining arises from the fact
that the negligent act is alleged to have been done by the
"said servant" instead of by the defendant. The rule in
such case is that the principal or master is civilly responsible
for wrongs committed by his agent or servant while acting
about the business of the principal or master and within the
scope of the employment of the agent or servant. (Thomp-
son on Negligence, sec. 518.) The same author, in section
520, declares the rule more specifically as follows: "A mere
statement of the rule suggests that the principal or master
will in all cases be liable for wrongs committed by his agent
or servant, while acting about the business of the former, and
within the scope of his employment, through inattention,
negligence or want of skill. The cases already cited, and a
great array of other adjudications, may be appealed to in
support of this statement. It is perhaps the only branch of
the doctrine upon which all the cases unite, and as to which

there is no dispute.  It is a rule so plain and easy of appli-
cation that it could scarcely be made clearer by illustration.''

Among the many instances of the application of the rule
cited by the author in section 521, we note only the follow-
ing: "The defendant sent the servant to a factory to receive
for her certain bags of paper shavings.  It was arranged that
the shavings should be thrown down through a hatchway
beneath so as to prevent injury to passersby.  He failed to
so guard it, and a person passing by was struck by one of
the falling bags and injured.  It was held that the defendant
was liable, since her servant was acting about the very mat-
ter, which he was sent to perform, the receiving of the goods.
. . . The plaintiff placed her horse in care of the defendant,
a livery-stable keeper, to be boarded.  The watchman of the
defendant allowed three men, partially intoxicated, to go
into the loft of the stable, which was full of dry hay, to sleep
there during the night, knowing that they were smokers and
that they were in the habit of carrying pipes and matches
with them.  An hour and a half later, the stable took fire
and the plaintiff's horse was burned to death.  It was held
that the livery-stable keeper was responsible for the act of
his watchman and that whether the watchman was negligent
in allowing the three men to sleep in the loft was a question
for the jury. . . . A person contracted to give a pyrotechnic
display, and committed the performance of the contract to his
agent.  He thereby became answerable in damages to a per-
son who was hurt through the negligence of the agent in dis-
charging a fire bomb.''

In the case at bar the business of the agent was "to handle,
carry and take charge of the powder in said magazine."  In
other words, the care, custody and management of the powder
were committed to the servant.  This necessarily implies that
it was a part of his duty to exercise care to prevent an explo-
sion of said powder.  If he therefore negligently permitted
or caused said explosion, the case is presented of a clear and
unmistakable violation of his duty as said servant.  It thus
appears by necessary implication that the servant was acting
within the scope of his authority, and appellant is mistaken
in its contention that an express allegation to that effect is
required.

On this branch of the subject respondent cites the following cases: *Birnbaum* v. *Lord,* 7 Misc. Rep. 493, 28 N. Y. Supp. 17, was a suit to recover damages for negligence on the part of a driver of defendant's wagon, in running over a twelve year old boy who was crossing a street in New York City. It is therein said: ''The complaint was sufficient in alleging that the wagon belonged to defendant and was driven by one of their agents or servants, *although it does not otherwise allege that the latter was engaged in the defendant's business; but that is involved in the allegation that the wagon was driven by their agent or servant, for if the driver was not engaged upon his master's business, he would be neither agent nor servant, but his own master.''* In *Lewis* v. *Schultz,* 98 Iowa, 341, [67 N. W. 266], the supreme court of Iowa said: ''Appellant insists that the case was tried and submitted to the jury upon an issue not made in the pleadings or supported by the evidence, i. e., that the loss was the result of the act of a servant within the scope of his employment. The petition alleges that defendants, their servants and agents, set out the fire. Surely this raised an issue as to whether the person who set out the fire was an agent of the defendants, *and also as to whether the act was within the scope of his employment.''*

In *Louisville etc. Ry. Co.* v. *Kendall,* 13 Ind. 313, [36 N. E. 415], we find the question considered as follows: ''The complaint alleges that upon the arrival of said train at defendant's depot in the town of Salem, . . . plaintiff as a passenger undertook and did get on the platform of one of the cars of said train to enter same, but that without fault or negligence on plaintiff's part, on account of the carelessness and negligence of one of defendant's agents, whose name is to the plaintiff unknown, he was by such employee of defendant pushed from the platform of said train just as the same was starting; . . . that all of said injuries were caused by and the direct result of said carelessness and negligence of one of defendant's agents in pushing plaintiff off its said train as aforesaid, and wholly without the fault or negligence of plaintiff.'' It was held that the case was brought within the rule sustained by the authorities that ''the master is liable for a tortious or negligent act of a servant committed while performing his master's service, though not previously au-

thorized nor subsequently ratified by the master, if an injury result therefrom to one to whom the master owes protection from such injury.''

In *Lewis* v. *Chicago etc. Ry. Co.*, 35 Fed. 639, a demurrer to the complaint was overruled by Justice David J. Brewer, wherein he said: ''I also take it to be settled under the rules of pleading that what was equivalent to a common count under the old practice is good now as against an objection, raised by demurrer; and I think that is all that can be said about this pleading. *It alleges that the defendant, by one of its employees, committed an assault and battery upon the plaintiff, another employee. That is the allegation in the pleading of a substantive and ultimate fact. What the particular facts may be, whether that assault and battery was committed in the line of his employment* and in the discharge of a duty which he owed the defendant, the master, as an employee, does not now appear.''

The foregoing decisions commend themselves to our judgment, and they support the action of the court below in overruling the demurrer to the amended complaint.

There is, also, another aspect of the complaint which should not be overlooked. This is presented in the allegations that the magazine was imperfectly constructed and improvidently maintained, and that this negligence was a contributing cause of the injury. We find thus exhibited the familiar case of a nuisance, and upon this theory a cause of action is stated. The question is elaborately reviewed in *Kinney* v. *Koopman,* 116 Ala. 310, [67 Am. St. Rep. 119, 22 South. 593], and a large number of cases cited. Therein it is held that ''storing and keeping gunpowder and dynamite in large quantities near dwellings in a thickly settled portion of a city, and near a public street, is not a nuisance *per se*. To constitute such keeping a nuisance and impose liability for an accidental explosion there must be negligence in 'keeping' or in the 'manner' of keeping and storing the gunpowder.'' And furthermore it is said: ''We are of the opinion that a count *prima facie* sufficiently shows a want of due care, which charges the storing of large quantities of gunpowder in a wooden building in a populous place in the city of Cullman. The demurrer was properly sustained to the count which merely charged the storing of gunpowder and its explosion

without further averment showing that on account of location, quantity and surrounding circumstances it was dangerous.'' Here, as we have seen, the location, manner of construction and of maintenance do appear so as to show that the said magazine was dangerous to life and to property. The distinction made in the Kinney case, *supra*, is recognized and approved in *Kleebauer* v. *Western Fuse etc. Co.*, 138 Cal. 497, [94 Am. St. Rep. 62, 71 Pac. 617]. It was contended there by plaintiff that the mere fact of the storage of a large quantity of gunpowder where damage might result from an explosion amounted to a nuisance *per se,* and he requested the following instruction which was given by the lower court: ''A magazine of powder so situated that in case of explosion from any cause, it is liable to injure the persons and the dwellings of persons living in the vicinity, is a nuisance; and, therefore, if the jury believe from the evidence that the defendant corporation maintained at the time mentioned in the complaint, at the town, or village or place called Melrose, a magazine, and kept stored therein large quantities of gunpowder, which, in case of explosion, was liable to injure the persons, dwellings, or other property of the residents of the said town, or village, or place called Melrose, your verdict should be for the plaintiffs.'' This was condemned by the supreme court and the other line of authorities was approved, holding that whether the storing of gunpowder is a nuisance depends upon the locality, quantity and the surrounding circumstances. The supreme court said: ''It does not appear that when the defendant commenced its business it was not located in a proper place, and at that time sufficiently removed from a residence neighborhood. It was carried on with the utmost care. The language in question resulted from a cause entirely beyond its control, and without any carelessness or negligence on its part whatever, and under the more recent and better line of authorities, as shown under the circumstances, it is not responsible.''

Since by appropriate allegations it appears that the magazine as constructed and maintained constituted a nuisance, it is the contention of respondent that appellant was responsible for the damage caused the plaintiff without regard to the ''precipitating cause of the explosion.'' In other words, the negligence of appellant sufficiently appears in the said

averments showing the maintenance of a nuisance, and since, in the absence of this want of proper care, the injury would not have resulted, a cause of action is stated, regardless of the further negligence in causing the explosion. This doctrine finds support in the authorities. The rule is stated in *Laflin & Rand Powder Co.* v. *Tearney*, 131 Ill. 322, [19 Am. St. Rep. 36, 23 N. E. 389], as follows: ''As a general rule, the question of care or want of care is not involved in an action for injuries resulting from a nuisance. If actual injury result from the keeping of gunpowder, the person keeping it will be liable therefor, even though the explosion is not chargeable to his personal negligence.'' (Citing a large number of cases.)

Under either view, therefore, the amended complaint is not open to attack by general demurrer. The proximate cause of the damage appears to have been the negligence of defendant in the construction and maintenance of its magazine and the reckless act of the servant acting within the scope of his authority—these two conditions coexisting at the time of the explosion and both contributing to the injury done to plaintiff.

The cases cited by appellant involve different facts, as will be seen from the following reference to them: The trouble in *Smith* v. *Buttner*, 90 Cal. 95, [27 Pac. 29], was that no fact was averred showing that the alleged negligence caused or contributed to the injury. As said by the court: ''It is well settled that negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury. To illustrate: Suppose a plaintiff injured by the falling of a sign negligently and insecurely fastened by defendant. It would not suffice for him to allege the negligence in hanging the sign; that plaintiff, in lawfully and without negligence, passing under it, was thrown down and injured through such negligence. This would be a mere assertion of the cause. It would be necessary to show that the sign fell upon him in consequence of such negligence, thereby causing his injury.'' Here, as we have seen, ''what was done'' is stated, that is, the powder was negligently ignited, and this, superadded to the negligence in the construction

and maintenance of the plant, caused the damage. In *Indianapolis etc. R. R. Co.* v. *Haist*, 93 U. S. 291, it is merely stated that "a plaintiff is bound to state his case but not the evidence by which he intends to prove it."

The vice of the complaint in *Going* v. *Dinwiddie*, 86 Cal. 633, [25 Pac. 129], was that no fact was alleged showing that the justice of the peace acted without jurisdiction, the action being for false imprisonment "on a pretended charge of contempt of court." The supreme court properly said that: "It is clear that the acts complained of were done by the defendant in his official character as a judicial officer, and there is no averment in terms that said acts were without or in excess of his jurisdiction, nor are any facts averred from which such want of jurisdiction appears. And that a judicial officer is not liable for acts done in his official capacity and within his jurisdiction is as thoroughly established as any other principle of law." It necessarily followed that the omission to show affirmatively the want of jurisdiction was a vital error.

An instruction of the court and not a question of pleading, as we have already seen, was involved in the case of *Kleebauer* v. *Western Fuse & Explosives Co.*, 138 Cal. 497, [94 Am. St. Rep. 62, 71 Pac. 617].

Of the cases cited by appellant in support of its position that the pleading should allege that the act was done within the scope of the servant's employment and duties, in only one, *Daniels* v. *Carney*, 148 Ala. 81, [121 Am. St. Rep. 34, 42 South. 452], was a question of pleading involved. This is in harmony with appellant's view, but, as remarked by respondent, the case is against the weight of authority. It was alleged that the defendant owned the steamboat and that it was being operated by its servants. There would seem to be no difference in principle, as suggested by respondent, between such a case and one relating to an accident on a street railway. In the latter instance, surely, an allegation that the motorman in operating the car was acting within the scope of his authority would not be required. This element is implied in the averment that the agency which is being operated belongs to defendant, and that it is operated by defendant's servant.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.