**RYDBERG v. MITCHEL et al.**

No. A–5800.

United States District Court, Alaska
Third Division, Anchorage.

Dec. 7, 1949.

McCutcheon & Nesbett, Anchorage, Alaska, for plaintiff.

Davis & Renfrew, Anchorage, Alaska, for defendants.

DIMOND, District Judge.

Motion of defendant, Wilburn Baker, to dismiss the plaintiff's complaint for the reason that the complaint does not state any claim upon which relief can be granted as against defendant, Wilburn Baker-Denied.

The plaintiff in her complaint alleges that on October 2, 1949, the plaintiff engaged defendant's servant, Thomas Mitchel, who was then and thereon duty as a taxi-cab operator in the employ of defendants, to bring plaintiff to a certain address in the vicinity of Anchorage, Alaska; that while in the taxi-cab as a fare-paying passenger, defendant, Thomas Mitchel, maliciously assaulted and physically maltreated plaintiff to her great damage.

The question to determine is whether a taxi-cab company is liable for the torts of its employees during the period when the employee is ostensibly in performance of the duties of his employment, even when such torts are malicious and have no proper relation to the duties of his employment.

A taxi-cab company is a carrier, and so the laws of carriers apply. 37 Am. Jur. 526; 45 A.L.R. 297, 300; 69 A.L.R. 980, 992; and cases cited therein.

Courts have not agreed on the liability of a carrier for the malicious torts of its employees when such torts are not done for the purpose of furthering the business of the carrier. The case of Little v. Los Angeles Railway Corp., 1928, 94 Cal.App. 303, 271 P. 134, 138, well states the position taken by one line of cases. In that case it is said: "It is, of course, true that the defendant can only be held liable for the damage done to the plaintiff upon the doctrine of respondeat superior, and therefore any act of the conductor, although done while he is actively engaged in discharging his duties as such, but which does not fall within the scope of such duties, cannot bind the defendant, if physical injury or other damage to a passenger or other person or his property be directly caused thereby. These are elementary propositions. * * *."

Other cases which support this rule are Lezinsky v. Metropolitan St. Railway Co., 2 Cir., 1898, 88 F. 437; Youngquist v. L. J. Droese Co., Wis.1918, 167 N.W. 458, 736; Cunningham v. Seattle Electric Railway & Power Co., 1892, 3 Wash. 471, 28 P. 745. Cooley on Torts, Vol. 3, page 58.

Other and generally the more recent cases take the position that there is an implied contract between a common carrier and its passenger that the carrier will transport the passenger, if he properly deports himself, to his destination and discharge him free from the assault or other misbehavior of carrier's employees. The case of Texas Midland Railroad Co., v. Monroe, 1919, 110 Tex. 97, 216 S.W. 388, sets forth this rule together with a comprehensive and able discussion of the reasons for it. This rule is followed in Barad v. New York Rapid Transit Corporation, 1937, 162 Misc. 458, 295 N.Y.S. 901; Hairston v. Atlantic Greyhound Corp., 220 N. C. 642, 18 S.E.2d 166; Louisville & N. Y. Ry. Co., v. Bennett, 1919, 183 Ky. 445, 209 S.W. 358; Harrison v. Norfolk Southern R. Co., 1922, 184 N.C. 86, 113 S.E. 678; Shankle v. Tri-State Transit Co. of Louisiana, La.App.1942, 8 So.2d 714; Southeastern Greyhound Corp. v. Graham, 1943, 69 Ga.App. 621, 26 S.E.2d 371; and it was stated with approval in N. O. & N. E. Rd. Co. v. Jopes, 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919.

In the case of Korner v. Cosgrove, 1923, 108 Ohio St. 484, 31 A.L.R. 1193, 141 N.E. 267, the facts were nearly identical with those in the case at hand, and the carrier was held to be liable. Garvik v. Burlington C. R. & N. Ry. Co., 1906, 131 Iowa 415, 108 N.W. 327, 117 Am.St.Rep. 432, arrived at the same decision in similar circumstances.

For other cases holding taxi companies liable for assault on paying passengers by the employees see 45 A.L.R. 297, 302.

The opinions last cited are supported by the better reason and are more in harmony with justice. Under proper pleading and adequate proof, the taxi-cab company may be held liable. The motion to dismiss is denied.