DETERMINED IN THE

# SUPREME COURT

OF THE

## STATE OF COLORADO.

APRIL TERM, 1894.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY v.
COLORADO LOAN AND TRUST COMPANY ET AL.

1. LIMITATIONS.
Section 1686, Gen. Laws, 1877, concerning limitations to actions upon
causes which accrued without the state, was regularly repealed by
the act of 1879.

2. SAME.
When the bar of a statute of limitations has once attached, the action
cannot be revived by an act of the legislature.

3. CONSTITUTIONAL LAW—LEGISLATIVE PROCEDURE.
There is no provision of the constitution requiring a bill to be printed
before it is read.

4. SAME—HOUSE JOURNALS.
The journals which each house keeps of its proceedings ought to show
whether the constitutional requirement that every bill shall be read
on three different days in each house has been complied with, but
their failure to show such compliance is not sufficient to impeach
an enrolled act duly signed and authenticated by the proper officers
and lodged in the office of the secretary of state.

5. ORIGINAL BILL—COPY.
Upon the loss or destruction of the original bill a true copy may be sub-
stituted at any time. The enrolled bill, properly signed and depos-

ited in the office of the secretary of state, is *prima facie* evidence of
the due passage of the act.

*Error to the District Court of Arapahoe County.*

ACTION upon a promissory note executed and made paya-
ble at Springfield, Massachusetts.

The first defense is a plea of payment; the second reads
as follows:

" And for a second and further defense herein, the defend-
ants allege that the said note in said complaint mentioned was
made, and the said cause of action set forth in said complaint
upon said note accrued without the state of Colorado, more
than three years prior to the commencement of said suit;
that the said note mentioned in said complaint became due
more than three years prior to the commencement of said
suit, and that the said action thereon is barred by the statute
of limitations of this state."

To this second defense a demurrer was interposed upon
the ground that it did not state facts sufficient to constitute
a defense to the action. This demurrer was overruled in the
court below, and the plaintiff electing to stand by the de-
murrer, judgment was entered for the defendants. Plaintiff
brings error.

Mr. B. L. CARR, for plaintiff in error.

Mr. J. P. BROCKWAY, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The question upon this appeal is: What is the statute of
limitations in this state upon contracts executed outside of
the state?

Sec. 1686, General Laws of 1877, reads as follows:

" It shall be lawful for any person, against whom any ac-
tion shall be commenced in any court of this state, where the
cause of action accrued without the state, upon a contract or

agreement, express or implied, more than two years before the commencement of the action, or upon any sealed instrument in writing, or judgment or decree of any court, more than three years before the commencement of the action, to plead the same, and give the same in bar of the plaintiff's right of action."

The following was passed in 1879:

SECTION 1. "It shall be lawful for any person against whom any action shall be commenced, in any court of this state, where the cause of action accrued without the state, upon a contract or agreement, express or implied, or upon any sealed instrument in writing, or judgment or decree of any court, more than six years before the commencement of the action, to plead the same and give the same in bar of the plaintiff's right of action."

SEC. 2. "Section sixteen, of chapter sixty, of the General Laws of 1877, concerning limitations, and all acts inconsistent with this act, are hereby repealed." Sess. Laws of 1879, p. 109.

It is contended that the act of 1879 was not passed as required by the constitution, and that for this reason it is of no force or effect. The constitutional provisions invoked to defeat the act are as follows:

SEC. 17, Art. V. "No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either House as to change its original purpose."

SEC. 20, Art. V. "No bill shall be considered or become a law unless referred to a committee, returned therefrom, and printed for the use of the members."

SEC. 22, Art. V. "Every bill shall be read at length on three different days in each house; all substantial amendments made thereto shall be printed for the use of the members before the final vote is taken on the bill; and no bill shall become a law except by a vote of a majority of all the members elected to each House, nor unless on its final passage the vote be taken by ayes and noes, and the names of those voting be entered on the journal."

The claim that the bill was amended in the senate during its passage so as to change its original purpose is easily disposed of. There is no journal entry or other competent evidence showing the nature of the amendment, but should we concede the amendment as claimed by appellee, his position is equally untenable. The amendment claimed to have been made reads as follows: "Provided, that this act shall not affect any contract or agreement heretofore barred by the provisions of said section."

Not only does this fail to change the original purpose of the bill, but it fails to change the construction to be given the act in any particular. It would be the same in effect either with or without the amendment, as it is well settled that where the bar of a statute of limitations has once attached, the action cannot be revived by an act of the legislature.

The contention upon section 20 of article V is that a bill cannot become a law unless it is printed before it is read. We do not think this position sound. It certainly has no foundation in the terms of the constitutional provision. This only requires the printing to be done before the bill shall be considered or become a law. The consideration here contemplated means something more than the giving of attention to the reading of a bill. Webster gives the primary meaning of the word "consider" as follows: "To fix the mind on with a view to a careful examination; to think on with care; to ponder; to study; to meditate on." It is in this sense that the word is used in the constitution, and the provision is sufficiently complied with by printing the bill before it is taken up as a subject of deliberation for debate or amendment.

The contention of counsel upon section 22 of article V is twofold, viz.: That the journal fails to show that the bill was read at length on three different days in the senate, and also fails to show that the amendment was printed. The amendment does not appear in the enrolled bill. Whether it was afterwards deemed unnecessary and stricken out, or omitted

for some other cause is quite immaterial, as we have already seen that it does not make a substantial or any change in the effect of the act, and consequently it is not such an amendment as the constitution requires to be printed.

Although the journal does not show affirmatively that the bill was read at length upon three different days in the senate it does show that it was read a first and third time. It could not have been read a third time unless there had been a second reading. Aside from this, merely negative evidence is not sufficient to impeach the enrolled act duly signed and authenticated by the proper officers and lodged in the office of the secretary of state. Judge Cooley in his work on Constitutional Limitations, page 167, says, in speaking of a similar provision, " The journals which each house keeps of its proceedings ought to show whether this rule is complied with or not; but in case they do not, the passage in the manner provided by the constitution must be presumed, in accordance with the general rule which presumes the proper discharge of official duty." See also, *In re Roberts*, 5 Colo. 525, and cases cited. The above from Mr. Cooley is a clear statement of the law applicable in the absence of a mandatory provision of the constitution requiring the fact to be made a matter of journal record. This answers all objections urged in this case, as every fact required by the constitution to be recorded in the journals was so recorded. These show affirmatively that a majority of all the members elected to each house voted in favor of the bill upon several occasions, and that the vote on its final passage was taken by ayes and noes, and that the names of those voting were entered on the journals.

The only objection urged to the proceedings in the house of representatives is, that the report of the house judiciary committee was made upon a copy of the original bill, as it is claimed. This does not appear from the journal, but it is said that it does appear from memoranda indorsed on the enrolled bill on file in the office of the secretary of state. It is doubtful if an act can be impeached in this manner, but as-

suming that it may, the objection is not well taken for the reason that the paper upon which the bill is written or printed is immaterial. It is the subject-matter, the language, which is material. So far as we are advised it has never been the custom for the presiding officers to sign the original paper, or send the same to the executive for his approval; an enrolled bill is always used for this purpose, and we see no reason why in case of loss or destruction of the original bill a true copy cannot be substituted at any time. The enrolled bill properly signed and deposited in the office of the secretary of state is *prima facie* evidence of the due passage of the statute. This has not been overcome in this case by anything appearing in the records. The objections urged to the act of 1879 should, therefore, have been overruled by the district court. The judgment is accordingly reversed and cause remanded.

*Reversed.*