# Continental Casualty Co. *v.* Ogburn.

## *Assumpsit.*

(Decided February 14, 1914.   64 South. 619.)

1. *Appeal and Error; Review; Bill of Exceptions.*—Where it is sought to review rulings on the motion to strike a particular plea, such rulings must be shown by bill of exceptions, as the minute entry on the record is not sufficient to authorize such review.

2. *Same; Denial of New Trial.*—Where a new trial is denied, based on the verdict being contrary to the evidence, such action will not be reversed, unless the preponderance of the evidence against the verdict is so clearly convince that it is wrong and unjust, after allowing all reasonable presumptions of its correctness.

3. *Insurance; Preliminary Proof; Waiver of Defect.*—The evidence examined and held to require a submission to the jury of the question of waiver of defect in the preliminary proof of loss.

4. *Same; Accident Policy; Continuous Total Inability.*—The evidence examined and held to require a submission to the jury whether the accident caused continuously thereafter total inability to labor.

5. *New Trial; Misconduct of Juror.*—For the purpose of a new trial affidavits of jurors will not be received to impeach their verdict for misconduct in the jury room.

6. *Same; Misconduct of Judge and Jury.*—The fact that a member of the jury telephoned to the trial judge that the jury were not agreed and that there seemd to be no possibility of an agreement, and that the judge replied that if they could agree, he would like for them to do so as this was the second trial, and there had been considerable cost already to the county, and if they could not then agree, probably they could in the morning, is not ground for new trial.

7. *Trial; Suspension; Absence of Witnesses; Discretion.*—Whether or not a trial should be suspended, a the request of the party to await the arrival of a witness who had not been previously summoned, was a question in the discretion of the trial court, not revisable on appeal except for abuse.

Appeal from Jefferson Circuit Court.

Heard before Hon. E. C. Crowe.

[Continental Casualty Co. v. Ogburn.]

Assumpsit by Lula Ogburn against the Continental Casualty Company. Judgment for plaintiff and defendant appeals. Affirmed.

CHARLES A. CALHOUN, for appellant. The action of the court in striking plea 3 was erroneous and prejudicial.—*Ramsey v. Smith,* 138 Ala. 333; *Coburn v. State,* 151 Ala. 100; 16 Enc. P. & P. 52. Under the evidence there was failure of affirmative proof, and the action of defendant in retaining the letter did not amount to a waiver.—*Central C. I. Co. v. Oates,* 86 Ala. 569; 120 N. Y. Supp. 96; 133 S. W. 87; 62 S. E. 124. The policy does not cover any injury which does not at once cause total and continuous inability to labor, and under the evidence does not cover the case here made.—*Conti. C. Co. v. Ogburn,* 57 South. 852; 60 Ill. App. 106; 17 S. E. 982; 108 N. W. 491; 105 S. W. 35; 86 S. W. 491; 98 Pac. 1072; *Aetna L. I. Co. v. Lasseter,* 45 South. 166. The evidence did not sufficiently support the verdict, and the court should have granted a new trial.—*B'ham R. M. Co. v. Rockhold,* 143 Ala. 123; *B. R. L. & P. Co. v. Owen,* 135 Ala. 154; *B'ham R. & E. Co. v. Clay,* 108 Ala. 236; *Wes. Ry. v. Mutch,* 97 Ala. 200. The court erred in refusing to set aside the verdict because of the misconduct of the judge and jury.—*K. C. M. & B. v. Phillips,* 98 Ala. 159; 38 Cyc. 1859; 68 N. W. 557.

RIDDLE, ELLIS, RIDDLE & PRUETT, and BLACK & DAVIS, for appellee. The court's ruling on motion to strike pleading must be shown by bill of exceptions, and is not so shown, and the same will not be reviewed in the Supreme Court.—*Sou. Ry. Co. v. Crenshaw, Adm'r, etc.,* 136 Ala. 573; *Culver v. Caldwell, Adm'r, etc.,* 137 Ala. 125. The allowance or rejection of aditional pleas after the time of pleading has passed, is a matter of discre-

tion in the court, and not revisable on appeal.—*Foster v. Bush,* 104 Ala. 668; *Jones v. Ritter,* 56 Ala. 270; *Ham v. Moody,* 9 Ala. 399. The court will take judicial knowledge of its own record in reference to the proceedings of the case at bar.—*American-English Encyclopedia, Second Edition,* vol. 17-925. A denial of liability under an accident insurance policy on account of death, on the part of the company on special ground, other than lack of proof is waiver of the right to demand and complain that the requirements of the policy requiring the beneficiary under the policy to furnish the company proof of the accident and death of the insured, etc.— *Continental Casualty Co. v. Ogburn, supra; Ga. Home Ins. Co. v. Lewis,* 128 Ala. 451; *Firemans Ins. Co. v. Crandall,* 33 Ala. 9; Cooley's Brief on Insurance, section 3547. When a provision of the accident insurance policy requires the beneficiary to furnish the company proof of the accident and death, and the beneficiary does furnish imperfect proofs and the proofs are received by the company and held for an unreasonable length of time, without objection and without demand for more perfect proofs, this amounts to a waiver on the part of the company to demand any further or additional proofs.—*Continental Casualty Co. v. Ogburn, supra; Royal Ins. Co. v. Taber,* 124 Ala. 681; *Acme Ins. Co. v. Adler,* 71 Ala. 526; *Fire Ins. Co. v. Felrath,* 77 Ala. 200; *Potter v. Union Central,* 46 Atlantic, 111 (Pa.); *Aetna Life Ins. Co. v. Millward,* 68 L. R. A. 285. Evidence of waiver of affirmative proof in this case established the plaintiff's replications, especially replications 3 and 7. —*Continental Casualty Co. v. Ogburn, supra; Hanover Ins. Co. v. Lewis,* 10 S. 297; *Potter v. Union Central,* 46 Atlantic 111 (Pa.). Under the evidence in this cause, the jury was amply justified in concluding that the accidental injury which Ogburn received, "caused at once

[Continental Casualty Co. v. Ogburn.]

*and* continuously after the accident, total inability to engage in any and every labor and occupation" within the legal meaning of this provision in the policy.— Words and Phrases, vol. 8, page 7010, "Total Disability."

GARDNER, J.—This is the second appeal in· this cause; the former appeal being reported as *Continental Casualty Company v. Ogburn*, 175 Ala. 357, 57 South. 852.

The first assignment of error relates to the ruling of the court in sustaining plaintiff's (appellee's) objection to the filing of plea 3, and in striking said plea from the file. The ruling of the court in this particular appears only in the record, being found in the minute entry, and no reference thereto is made in the bill of exceptions.

It is well established by the decisions of this court that rulings of a trial court upon motions to strike certain pleadings must be shown by bill of exceptions; and that when not so presented on appeal such rulings will not be reviewed.—*Southern Railway Company v. Crenshaw, Adm'r*, 136 Ala. 573, 34 South. 913; *Culver v. Caldwell, Adm'r*, 137 Ala. 125, 34 South. 13; *Holley v. Coffee*, 123 Ala. 406, 26 South. 239; *K. C. M. & B. R. R. Co. v. Butler*, 143 Ala. 262, 38 South. 1024.

2. It is next insisted that the court erred in refusing the affirmative charge. This insistence is based, first, upon the averments of plea 4, which sets up the failure to furnish proof of the injury within the time and in the manner prescribed by the policy. To this plea, replications were filed, raising the same point decided by this court on the former appeal wherein this court held replications 3 and 7 not subject to the demurrer interposed.

Pertinent to this insistence here, and, in our opinion, conclusive thereof, we quote the following from the opinion on the former appeal (175 Ala. 362, 57 South. 854): "Nor can we say that the trial court erred in refusing the general charge for the defendant, upon the theory that the plea was proven and the plaintiff failed to prove said replications. The plaintiff addressed a letter to the defendant dated September 9th, which was received within 30 days after the death of the insured, informing it of the claim, death of the insured, and the cause of same, which was treated with silence. Then, too, the defendant, on September 21st (after receipt of her letter and within 30 days after the death of her husband), wrote her, making no allusion to said defective proof sent them or to her demand, settling with her on the disease rather than accident basis, and demanding a surrender of the policy. The jury could well infer a refusal to pay the death claim, not for failure to furnish the requisite proof, but upon the ground that the death of the assured resulted from disease and not from accident."

Counsel for appellant urge, as a second reason why the affirmative charge should have been given, that under the terms of the policy, to create liability, the assured must have sustained an injury, through external, violent, and purely accidental means, which caused, at once and continuously after the accident, total inability to engage in any labor or occupation, whereas the proof was without conflict that the assured did engage in labor thereafter.

This feature of the policy was treated in the opinion on the former appeal.

The witness George Rogers testified on the direct examination that the assured 'never did work any more after that day. He tried to work, but he never did work

any more.  He made two or three efforts to work after that, but he never did no more work after that, and after he was hurt he stayed at his house a good deal." In view of this testimony, as well as that of this witness as to the character of the accident, and of all the facts and circumstances in the case, we are of the opinion that this issue was properly left to determination of the jury and that the affirmative charge was correctly refused.

Appellant (defendant in the court below) moved the court for a new trial, which motion was overruled. Grounds 6 and 7 of said motion are predicated upon alleged misconduct of the jury and of the ujdge. The affidavit of one of the jurors, John Dew Heard, was offered in evidence upon the hearing of the motion, and objection to its introduction was sustained.  In this ruling we are of the opinion that there was no error. The affidavit had reference to what occurred in the jury room, in the deliberations of the jury.

The following language, found on page 130 of the opinion in the case of *Birmingham Railway, Light & Power Company v. Moore*, 148 Ala. 130, 42 South. 1030, is applicable here:  "In this ruling the court was in current with former decisions of this court.  These decisions are rested upon the principle that the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict."—*Clay v. City Council of Montgomery*, 102 Ala. 297 [14 South. 646]; *City of Eufaula v. Speight*, 121 Ala. 613 [25 South. 1009].

The alleged misconduct consisted in the fact that a member of the jury, C. M. Campbell, went into the clerk's office and held a conversation, over the telephone, with the presiding judge who was at his home,

in which he stated that the jury was tied, ten to two, and there seemed to be no prospect of a verdict. He did not inform the judge how the jury stood. In reply, the presiding judge stated, in substance, that if the jury could get together he would like for them to do so; that the case had been tied by one jury already, and had cost the county considerable; but that, if they could not get together, to let the bailiff take them to a good place and allow them to sleep over it, and maybe they could agree in the morning. He did not ask Mr. Campbell to talk to the members holding out against the verdict. We are of the opinion that this was not reversible error.—*Phoenix Ins. Co. v. Moog,* 81 Ala. 335, 1 South. 108. We think it would be safer, however, for trial courts to communicate with jurors, in all instances, in a body, and in the presence of counsel when practicable.

The facts in the case of *Kansas City, Memphis & Birmingham Railroad Co. v. Phillips,* 98 Ala. 159, 13 South. 65, cited by counsel for appellant, were widely different from those in this record, and we find nothing in that authority in conflict with the conclusion here reached.

As to whether the court should suspend the trial of the cause, as requested by the defendant, until the arrival of one Dr. Harlan, who had not been previously summoned as a witness, was a matter resting within the sound discretion of the court. In this particular we find no abuse of this discretion.

The remaining question for determination is whether or not a new trial should have been granted on the ground that the verdict was contrary to the evidence. This case has been twice tried before a jury and each trial resulted in a verdict for the plaintiff. The court below had the witnesses before him and could note their demeanor upon the stand. He refused the

motion. Under the familiar rule announced in the leading case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, his ruling thereon will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. This we are not prepared to do, after a careful examination of this record.

The judgment of the court below is therefore affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and MCCLELLAN, JJ., concur.