[No. 12672.   Department One.   November 9, 1915.]

JOHN W. HILLIS *et al.*, *Respondents*, v. H. P. KESSINGER
*et al.*, *Appellants*.[1]

EVIDENCE—TESTIMONY BY DEPOSITION—WEIGHT AND CREDIBILITY—
INSTRUCTIONS.   An instruction to give the testimony of a witness
testifying by deposition the same credence or weight as if testifying
in open court, is proper, where, through his cross-examination and
disclosed bias and other instructions given, the jury had the oppor-
tunity to apply all of the usual tests as to the credibility of the
witness, save only observation of his conduct and demeanor while
testifying.

APPEAL—REVIEW—VERDICT.   Where the testimony was ample to
support a verdict, it is not error to deny a motion for judgment *non
obstante veredicto* or a new trial.

JUDGMENT—NOTWITHSTANDING VERDICT—TIME.   Motion for judg-
ment *non obstante veredicto* must be made before entry of judgment
on the verdict.

APPEAL—REVIEW—DISCRETION—NEW TRIAL.   The discretion of the
trial court in refusing a new trial upon the statutory grounds will
not be interfered with upon appeal

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered September 15, 1914, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an ac-
tion on contract.   Affirmed.

*J. B. Keener*, for appellants.

*Warren H. Lewis*, for respondents.

HOLCOMB, J.—Appellants assign the following grounds
of error: (1) The court erred in refusing to instruct a ver-
dict for the appellants; (2) the court erred in denying ap-
pellants' motion for judgment notwithstanding the verdict;
(3) the court erred in denying appellants' motion for a new
trial.   In argument, it is stated by appellants that all the
evidence covering these assignments of error is so inter-
mingled that they can best be discussed together.

[1]Reported in 152 Pac. 687.

It is claimed that the only evidence introduced by the respondents in support of their allegations of conspiracy, misrepresentations, and fraud was that of one J. W. Stout, whose testimony was taken by deposition in California, and was unsupported by any other testimony; that his whole testimony showed unfriendliness towards Mr. Kessinger, which he admitted; that the testimony of respondent Hillis in regard to the transaction was unsupported by any other testimony produced or offered by respondents. With these contentions we do not agree. The record shows that the testimony of respondent Hillis alone, if the jury believed it in preference to the testimony of appellants and their witnesses, was sufficient to support their verdict. The testimony of Hillis was corroborated by the testimony of Stout in his deposition. It is urged by appellants that, since Stout was not present in court at the trial, the jury who heard his testimony read had no opportunity to observe his· conduct and demeanor while testifying; his interest, if any, in the result of the suit; his feeling, bias, or prejudice, if any is shown; his fairness or lack of fairness, and any other facts and circumstances appearing at the trial which will tend to credit or discredit his testimony; that therefore the court erred in giving the following instruction:

"The court instructs the jury to give to the testimony of a witness testifying by deposition the same credence and weight as if said witness were present and testified in open court before you."

The deposition itself shows that the appellants were represented at the taking of the deposition, and conducted an extended cross-examination, whereby it was disclosed that the witness Stout was not a thoroughly indifferent witness, but was to some extent antagonistic to appellants, and disclosed his feeling and bias toward appellants, whereby his fairness or lack of fairness, and any and all other facts and circumstances appearing at the trial which would tend to credit or discredit him, saving and excepting only that the

jury could not observe his demeanor while testifying, were clearly before the jury to govern them in considering the weight and credibility of his testimony. The instruction to the jury complained of manifestly meant no more than that the jury were to consider the testimony of the witness Stout, testifying out of court by a deposition, as the testimony of a witness in the trial, and that they might not disregard it, but were to give it such credence and weight as they would give to a witness testifying personally before them; but with the further· qualifications, which the court gave in other instructions, that they were the sole and exclusive judges of the facts; that they were to reconcile the testimony of witnesses if possible on the hypothesis of the truth; that they were to take into consideration, in judging of the weight and credibility of the testimony, the conduct and demeanor of the witness while testifying; his interest, if any, in the result of the suit; his feeling, bias, or prejudice, if any is shown; his fairness or lack of fairness; and any other facts and circumstances appearing at the trial which will tend to credit or discredit the testimony of any witness in the case; and that, if they believed that any witness knowingly and wilfully testified falsely as to any material fact in the case, they were at liberty to entirely disregard such testimony, except in so far as the testimony was corroborated by other credible testimony or by facts and circumstances proven at the trial.

Appellants cite a number of authorities to the effect that the best evidence, of course, is the testimony of the witness himself given in the presence of the jury. *Thornton v. Britton*, 144 Pa. St. 126, 22 Atl. 1048; *Glanton v. Griggs*, 5 Ga. 424; *Hammock v. McBride*, 6 Ga. 178; *Anderson v. Ferguson-Bach Sheep Co.*, 12 Idaho 418, 86 Pac. 41; *The Lakme*, 118 Fed. 972; *Wales v. Newbould*, 9 Mich. 45. All of these authorities go to the question of the weight of the testimony given through the medium of a deposition, as against the weight of the testimony of the witnesses testify-

ing personally in. the presence of the court or jury; but it is stated in 14 Ency. Evidence, 117-119:

"Probably there is no rule of law which accords to depositions a less degree of weight than the oral testimony of the witness would be entitled to receive. In many cases statements will be found which go to show that the courts in actual practice regard evidence given by deposition as unsatisfactory; and some courts have even gone so far as to declare them unreliable. The basis of this view is that the court or jury has no opportunity to judge of the witness' manner or conduct while testifying; furthermore the same chance does not exist to exhaustively cross-examine the witness and correct mistakes in the testimony."

In *Voss v. Prier*, 71 Ind. 128, the trial court gave an instruction lessening the value and credibility of the testimony of a witness testifying by deposition. The supreme court, in reversing the judgment in that case, said:

"In giving this instruction, the court substantially, and almost literally, followed an instruction, . . . copied and approved in the case of *Carver v. Louthain*, 38 Ind. 530, and was thereby, we regret to have to say, led into an error. . . . we may know, as a matter of fact derived from common observation, that testimony communicated in the form of deposition does not generally make so decided an impression on a jury as that orally given in open court, but the law does not as a rule recognize the inferiority of testimony embodied in depositions, to testimony given orally at the trial."

The jury in the instant case had the opportunity to apply all of the tests suggested to them by the instructions of the court, which were in conformity with the usual tests applied in such cases, except to observe the conduct and demeanor of the witness while testifying. All of the other matters were fully covered by the cross-examination conducted by appellants at the taking of the deposition. The entire weight and credibility of the testimony of the several witnesses, whether oral or by deposition, was left by the court entirely to the jury.

As was said in the case of *The Lakme, supra,* notwithstanding the fact that the jury cannot judge of the demeanor of the witness while upon the stand, "nevertheless there are other landmarks that can be taken hold of." The interest, antagonism, and bias of the witness testifying by deposition were plainly manifest; but if the facts to which he testified were corroborated by other testimony and by other inferences legitimately to be drawn in the case, then the jury were not at liberty to disregard the testimony of such witness, notwithstanding his interest or bias, and the court could not by any instruction so tell them. There was no error in giving the instruction.

Neither was there error in refusing to instruct a verdict for appellants. The testimony in behalf of the respondents was ample, as stated before, to support the verdict. That being the case, there was no error in denying appellants' motion for judgment notwithstanding the verdict, nor in denying appellants' motion for a new trial. The motion for judgment notwithstanding the verdict invoked no element of discretion and was interposed after judgment was entered on the verdict, which, under the authority of *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490, and *Paich v. Northern Pac. R. Co.,* 82 Wash. 581, 144 Pac. 919, must necessarily have been denied. The motion for a new trial was based upon six statutory grounds and was denied generally by the court. The court having exercised its discretion, we will not interfere.

There is no error. Judgment affirmed.

Morris, C. J., Mount, and Parker, JJ., concur.