No. 27,275.

MARK RUSSELL, *Appellee,* v. THE UNITED CASUALTY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. HEALTH INSURANCE—*Application—False Statement Material to Acceptance of Risk.* The proceedings considered in an action on a combined health and accident insurance policy, and *held,* the insurance was granted on a false statement material to acceptance of the risk, contained in the application.

2. SAME—*Avoidance for Misrepresentation — Combined Health and Accident Policy—Statutory Provision as to Life Insurance Not Applicable.* The policy provided for indemnity for disability resulting from accident, for indemnity for certain specified losses resulting from accident, and for payment of a principal sum in case of death resulting from accident, and as an accident policy, the policy insured against bodily disability resulting directly and independently of all other causes from bodily injury through external, violent and accidental means only. The policy also provided for payment of weekly indemnity for disability resulting from sickness. It did not provide for payment of any sum on account of death from sickness. *Held,* the statute relating to misrepresentations made in obtaining a policy of insurance on the life of a person, did not apply to the health insurance provisions of the policy.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 9, 1927. Reversed.

*A. C. Molloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellant.

*B. A. Earhart,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a policy of health insurance. The defense was that false statements, material to acceptance of the risk, were made in the application. Plaintiff recovered, and defendant appeals.

The application was signed on August 23, 1923, and contained the following:

"I hereby apply to the United Casualty Company for a policy of insurance, to be based upon the following representation of facts:

"1. Do you understand and agree that the insurance, if granted, is to be based upon the following statements, and that any false statement herein shall debar from receiving any indemnity if any such statement is material either

Health Insurance, 29 C. J. pp. 279 n. 17 new, 284 n. 8; 14 R. C. L. 1021.

to the acceptance of the risk or the hazard assumed by the company or made with intent to deceive?  Yes.

"2.  Are you now and have you always been in good health?  Yes.

"Have you had any sickness or injury in the past five years?  If so, give full particulars.  No."

Plaintiff testified the answers to the questions relating to good health and to sickness within five years were not the answers he made to the soliciting agent when the questions were propounded to him.  He testified he told the soliciting agent he had had shingles, flu, and a few colds, and in effect had not been in good health during the last five years.  The soliciting agent testified plaintiff told him he had shingles and some other sickness, cold, grip, but the soliciting agent regarded these as trivial matters, not really affecting good health, and did not set them down.  Plaintiff testified he told the soliciting agent he had been to Halstead, and had had a knot in his throat.  This the soliciting agent denied.  Plaintiff testified he did not tell the soliciting agent he had had a small goiter, or enlargement of the thyroid gland, and testified he did not know he had had a goiter, or enlargement of the thyroid gland.  Plaintiff had held a health-insurance policy issued by the Liberty Life Insurance Company, and on March 14, 1923, he signed a written claim against that company.  The claim was in his own handwriting, and when confronted with it, he was compelled to admit that it contained the following:

"9.  I have not during the past five years required medical attention except for the following disabilities:  (Give date and nature of disability, name and address of physician attending.)

"Enlargement of thyroid gland, Dr. Hertzler, Halstead, Kansas.  Shingles, Dr. Carhart, city.  Lagrippe, Dr. Von Leonrod, city."

An associate of Doctor Hertzler, of the Halstead hospital, testified as follows:

"I have before me a record covering Mark Russell, of Hutchinson, Kansas, which is a part of the record of the Halstead hospital, and it is a correct record.  Under date of August 5, 1921, I recorded a portion of the patient's history, his physical examination, and the treatment given at the time.  The diagnosis was mildly toxic goiter, and I suggested medical treatment, rather than physical, and gave medical treatment.  There was a slight enlargement of the right side of the thyroid gland, what we would call a rather mild case of goiter.  Mr. Russell was back here for treatment three times:  on August 17, 1921, August 26, 1921, and September 10, 1921.

"Q. What other doctor or doctors, if any, examined and consulted with Mr. Russell on these later occasions? A. Dr. A. E. Hertzler.

.   .   .   .   .   .  ' .   .   .   .   .   .   .   .   .

"The goiter was about the size of a walnut. . . . It was affecting his heart, and he was running a pulse at that time."

Since plaintiff tried to deceive the court respecting his knowledge that he had had goiter, and would have done so if he had not been trapped by his signature to an instrument in his own handwriting, the strong probability is the soliciting agent's testimony that plaintiff said nothing about a knot in his throat was true. However that may be, the application required plaintiff ·to give full particulars, and the company was entitled to full and frank answers. He admitted he did not tell the soliciting agent, as he told the Liberty Life Insurance Company, that he had had enlargement of the thyroid gland, for which he was treated by Doctor Hertzler at Halstead. The answers he claimed he gave were framed to avoid candid disclosure that he had had a toxic goiter for which he had been treated by Doctor Hertzler at the Halstead hospital two years before the application was signed. To that extent his answer to the question whether he had had any sickness in the past five years was negative, and the insurance was granted on a false statement material to acceptance of the risk, contained in the application.

The policy was a combined accident and health insurance policy. It provided for weekly indemnity for total and partial disability resulting from accident, for indemnity for specific losses (hands, feet and eyes) resulting from accident, and for payment of a principal sum in case of death resulting from accident. As an accident insurance policy, the policy insured against disability resulting directly, and independently of all other causes, from bodily injury. through external, violent, and accidental means only. The policy also provided for payment of weekly indemnity for disability resulting from sickness. It did not provide for payment of any sum on account of death from sickness. Certain provisions of the policy were common to both classes of insurance, but the health insurance features and the accident insurance features were as distinct as if they had been embodied in separate instruments. Sickness could not create liability on the accident provisions of the policy, and accident could not create liability on the sickness provisions.

The statute reads as follows:

"No misrepresentations made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable." (R. S. 40-330.)

In the case of *Becker v. Surety Co.*, 105 Kan. 99, 181 Pac. 549, recovery was sought on the accident provision of an accident and health insurance policy. Loss was occasioned by death resulting from a gunshot wound. Upon the facts involved the court held the statute applied to a policy on the life of a person, and to the policy sued on. There is eminent authority that a statute of this kind does not relate to accident insurance. (*Baumann v. Preferred Accident Ins. Co.*, 225 N. Y. 480.) This court is satisfied with the decision in the Becker case, but it does not determine this controversy. The legislature was not dealing with forms of policies. The subject of the act was misrepresentation in obtaining life insurance. Health insurance which does not provide indemnity in case of death from sickness, is not life insurance, and does not become so merely because it is provided for in a combined health and accident policy of the type under consideration. A decision by the Springfield court of appeals of Missouri that if a health and accident policy contains a provision for life indemnity the whole policy is a life policy (*Williams v. Mutual Life of Illinois*, 283 S. W. 64), is disapproved.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.