(116 So. 323)

## HOLMES v. CENTRAL OF GEORGIA RY. CO. et al. (6 Div. 342.)

Court of Appeals of Alabama.   Jan. 17, 1928.

Rehearing Stricken March 6, 1928.

W. A. Denson, of Birmingham, for appellant.

Nesbit & Sadler, of Birmingham, for appellees.

RICE, J. ■ "In wanton negligence, the party doing the act or failing to act, is conscious of his conduct, and, without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury." Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345.

■ The court has read the evidence in this case en banc, and, without discussing it, we state our conclusion to be that there were tendencies of same which rendered it erroneous to give, at appellees' request, written charge A. The jury, for aught that we can say, might, entirely within their province, have taken as true appellant's testimony that she was sent, by the ship's purser, in the sole care of a porter down a long, unlighted corridor, to a dimly lighted room, to enter which it was necessary to step over, in the semigloom, a raised sill, or obstruction, some 15 inches in height; that she was unacquainted with the locus, and unwarned of the obstruction, and directed by said porter to proceed over same. It might then have accepted appellees' testimony that its servant, alleged by appellant to be the only one accompanying her, knew of the dangerous condition, and knew that one going along as appellant says she was would likely be injured, and that with such knowledge he failed to warn her, or take other steps to avoid her being injured. In other words, dealing with, and considering, the testimony in the case, as it is permitted to do under the law, it cannot be said, we think, by the court, that it could not have found a state of facts to have existed that would have supported the allegations of the second, wanton, count of the complaint. Whether the allegations of this count were proved, was we think a question that should have been left, under proper instructions, to the jury.

What we have said above explains our holding, as we do, that it was error to give at appellees' request written charge C.

■ Appellees' able counsel, in a very skillfully constructed argument, have undertaken to convince us that, the jury having returned a verdict in favor of appellant under the count charging simple negligence, the charging out, by the giving of charges A and C, supra, of the wanton negligence count, if error, was error without injury. But we will not undertake to set out our reasons for failing to agree with their conclusion. It is simply not ours.

■ There was no proof that appellant had paid out any amount for doctor's bills. Hence it was not error to give appellees' written charge B. We will not say that, if it be shown that appellant had actually paid out her own money for doctor's bills, or that some one else, any one else, had paid out for her, and at her request, money for her doctor's bills, for which she was liable to the one making the payment, she would not be allowed to recover same. But where, as here, it appears that any sums paid for her treatment were paid by her husband, and nothing more, we find no fault with the rulings of the trial court to the effect that she could not recover any amount for doctor's bills.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.