(134 So. 875)

### CENTRAL OF GEORGIA RY. CO. et al. v. HOLMES.

6 Div. 564.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 11, 1931.

Nesbit & Sadler, of Birmingham, for appellants.

190

W. A. Denson, of Birmingham, for appellee.

GARDNER, J.

No question presented on the former appeal in this cause is here involved, but is cited as containing a general outline of the case. Holmes v. Central of Georgia Ry. Co., 217 Ala. 333, 116 So. 323.

Upon the second trial, the judgment in defendants' favor was set aside on plaintiff's motion and a new trial granted, from which judgment defendants prosecute this appeal.

A careful study of the record is persuasive to our minds that the trial court's ruling in awarding a new trial was rested upon his action in giving for defendants the two charges which constitute grounds 16 and 20 of the motion. These charges appear in the report of the case.

On the first trial there were present testifying as witnesses for defendants two employees of the Ocean Steamship Company (Hanson and Burns) who were fully cross-examined. Their testimony was taken down and transcribed, and, these witnesses being out of the state on the second trial, their testimony on former trial was offered in evidence without objection. As to the merits of the cause, the case went to the jury on the oral testimony of plaintiff and the record of the testimony of these two absent witnesses on former trial. In the court's oral charge were the following expressions:

"In determining the rights of the parties here, you take the evidence as given you from the witness stand and apply to these issues, in determining the rights of these parties.

"If you can not reconcile the testimony of the witnesses so as to make all of them speak the truth, then it is for you to say whom you are going to believe and whom you won't believe in a law suit, and in determining the weight you will give any witness' testimony you may take into consideration any interest a witness may have in the result of the law suit, the demeanor of a witness on the witness stand, or any interest or bias the witness may show by his or her own testimony."

In view of the situation above outlined, and these expressions usually and properly found in oral instructions to the jury, it is quite apparent that the two charges here considered were both proper and appropriate, for the two witnesses for defendants had not been upon the stand on this trial, but were absent, and could speak only from the record of their former testimony, without these explanatory charges, the language of the oral charge had some tendency at least to lead the jury away from a due consideration of the record evidence of these witnesses, because not given from the witness stand, and impress upon their minds its inferiority as compared to that of the plaintiff. We may know as a matter of common observation that such form of evidence does not generally make so decided an impression on the jury as that given orally in open court, but, so far as the question of due consideration of the evidence is concerned, the law makes no distinction. 10 R. C. L. pp. 100–103, 104; 22 C. J. 443. But, as pointed out in 10 R. C. L., supra, a witness may make a less favorable impression by deposition than by examination in open court,

a matter dependent upon the intelligence, the peculiarities, the general appearance, and all other circumstances attending each particular witness. "These are matters about which the law lays down no general or inexorable rule. They constitute facts for the consideration of the jury in every case in which such questions may arise." 10 R. C. L. p. 1004.

Charges of like import to those here discussed have been generally approved. Hillis v. Kessinger, 88 Wash. 15, 152 P. 687, Ann. Cas. 1917D, 757; Garvik v. Burlington, etc., Ry. Co., 131 Iowa, 415, 108 N. W. 327, 117 Am. St. Rep. 432; Hershiser v. Chicago, B. & Q. R. R. Co., 102 Neb. 820, 170 N. W. 177.

■ These charges contain no intimation to the jury as to the weight to be given such evidence, but merely that the same should be duly considered. The word "consider" in this connection means "to think about; reflect upon; give close attention to; ponder." Funk & Wagnalls New Standard Dictionary, p. 562; Massachusetts Mut. Life Ins. Co. v. Colorado Loan & Trust Co., 20 Colo. 1, 36 P. 793; Hallock v. City of Lebanon, 215 Pa. 1, 64 A. 362; Ingard v. Barker, 27 Idaho, 124, 147 P. 293.

There is quite a distinction between an instruction to the jury that they give due consideration to the evidence and that such evidence is entitled to certain weight. This distinction was recognized in and commented upon in St. Louis & O'Fallon R. Co. v. U. S., 279 U. S. 461, on page 487, 49 S. Ct. 384, 388, 73 L. Ed. 798, and more elaborately treated in Hershiser v. Chicago, B. & Q. R. Co., supra, where the court points out that an instruction that testimony given in the form of depositions should receive the same fair and impartial consideration as if it had been given by witnesses in open court is entirely proper, but subject to criticism if it also instructs the jury that such evidence is to be given the same weight as that in open court, for the obvious reason that it would be a charge upon the effect of the evidence. Such an instruction was involved in Mann v. Darden, 6 Ala. App. 555, 60 So. 454, cited in Hershiser Case, and there condemned, and we think properly so.

Our court in Snodgrass v. Clark, 44 Ala. 198, recognized the fact that such character of proof should be given the same careful consideration as if deposed to in open court, which was cited approvingly in Childers v. Holmes, 207 Ala. 382, 92 So. 615. In the more recent case of Huckaby v. McConnon & Co., 213 Ala. 631, 105 So. 886, 889, the matter of the correctness and propriety of such an instruction as here considered was squarely presented and determined favorably thereto in the following language: "There was no error in instructing the jury that the testimony of a witness by deposition should be taken as if the witness testified from the stand, with explanation that it be taken with the same sanctity of an oath. This cannot be considered an instruction as to the effect of the evidence, but that it is legal evidence to be given the same consideration as other testimony. While the jury have not the benefit of the appearance, bearing, and manner of the witness, they should not be invited to indulge presumptions against such testimony because of this, nor because the witness is a nonresident and cannot be prosecuted in Alabama for perjury in another state."

The foregoing comments are applicable to the charges here considered, and fully sustain their correctness. They were not calculated to mislead the jury, and the ruling of the court cannot be rested upon the giving of these charges. We recognize that what was said by the court in Degg v. State, 150 Ala. 3, 43 So. 484, and Fleming v. State, 150 Ala. 19, 43 So. 219, decided at the same term of court, justified the learned trial judge in reaching the conclusion that these charges were subject to criticism. But in neither case was the question necessary to the decision of the cause, and this particular matter was given no elaborate discussion. In justice to the trial court, counsel for appellant states that the court's attention on the hearing of the motion was not directed to the later case of Huckaby v. McConnon & Co., supra. The cases of Degg v. State and Fleming v. State, supra, must be considered as having been departed from in the Huckaby Case, supra.

But appellee insists that the order granting a motion for new trial will not be reversed, though based upon an improper reason, if in fact a good ground therefor appears in the motion (Jones v. Jefferson County, 206 Ala. 13, 89 So. 174; Lynn v. Mellon, 217 Ala. 75, 114 So. 680), and that, in reviewing the granting of a motion for a new trial, the court indulges the same presumption in favor of the ruling as when the motion is denied (Cook v. Sheffield, 206 Ala. 625, 91 So. 473).

■■ Argument is then addressed to those grounds of the motion complaining there was a charge in the jury room and considered by the jury not given by the trial judge, which was in substance that, if the jury were reasonably satisfied from the evidence that the ship was properly constructed, they should not find for the plaintiff. Under the evidence in the case, such a charge would have been erroneously given, and it is not among the given charges. The theory of appellee seems to be that such a charge surreptitiously found its way into the jury room, and necessarily involves fraudulent conduct on the part of some one. Fraud will not be presumed, and the burden of establishing the same by the proof rested upon the movant. Blakeney v. Ala. Power Co. (Ala. Sup.) 133 So. 16.[1] Among

---

[1] 222 Ala. 394.

defendants' given charges was the following: "If you are reasonably satisfied from the evidence that the ship was properly constructed and in proper repair, you cannot find for the plaintiff on account of the presence of raised sills in the doorways."

■■ The rule is recognized that proof may be offered in support of a motion for a new trial showing extraneous facts which may have influenced the verdict of the jury, and which was unduly before them during their deliberations. Leith v. State, 206 Ala. 439, 90 So. 687, 690. But the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict, or, as otherwise expressed: "It is forbidden by public policy to permit a juror to testify as to what transpired between the jurors in their deliberations, or their manner of reaching a verdict on the evidence duly submitted to them on the trial." Leith v. State, supra; Alabama Fuel & Iron Co. v. Rice, 187 Ala. 458, 65 So. 402; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; McCormick v. Badham, 204 Ala. 2, 85 So. 401.

■ In support of the motion, appellee offers the affidavit of her counsel and some of the jurors. It appears that immediately upon the clerk reading the verdict, and while the jury was yet standing, the bailiff, as ordered by the court, received the file of papers from the foreman of the jury, and immediately handed it to the court, and thereupon the court examined the written instructions in the presence of counsel and in open court, and no such charge as here complained of was discovered. The affidavit of appellee's counsel is to the effect that, while standing in the courtroom near the door of the jury room where the jury had retired to make up their verdict, he heard the foreman read said charge to the jury; that he was standing facing the trial judge, who was within two feet of him at the time, and who also heard the foreman. This affidavit discloses, therefore, that the trial judge heard what counsel heard, but in ruling on the motion for a new trial the judge was careful to note in the minute entry that the motion was not based upon this ground, thus negativing any presumption in support of the ruling on the motion upon that ground. Cook v. Sheffield, supra.

■ It may well be surmised (without resort to the judge's affidavit which was filed in the cause, but not set out in the bill of exceptions) that the judge was of the opinion the charge they heard read was the one hereinabove set out, and which was somewhat similar in verbiage, and may well have been confused with that which counsel understood was read by the foreman. The affidavits of some of the jurors were to the effect they heard read in the jury room a charge in substance as stated in the affidavit of appellee's counsel. No one testifies to having seen or read such a charge, and no such charge was discovered. Reduced, therefore, to the last analysis, the evidence offered to impeach the verdict was either as to what counsel heard in the deliberations of the jurors in the jury room or what some of the jurors heard in the jury room during such deliberations. Such proof we think comes within the influence of the rule of public policy which forbids testimony as to what transpired between the jurors in their deliberations by way of impeachment of their verdict. Leith v. State, and other authorities supra.

■■ But otherwise considered, and giving due weight to the affidavits, a like conclusion would be reached. This ground of the motion relates to alleged fraudulent misconduct in the trial of the cause, and as to which the trial judge himself was a witness. His express disagreement with appellee's contention in this regard discloses his opinion that the charge of misconduct was unsubstantiated. It concerned a matter easily misunderstood. As previously noted, the proof shows the trial judge heard what counsel heard, and it must be presumed he carefully observed the progress of the cause. The appellate court, under all these circumstances, would not be justified in reaching a contrary conclusion to that of the trial judge upon this question.

■ Moreover, it may plausibly be contended that, as the bill of exceptions does not show it contains all the evidence offered on the hearing of the motion (the recitals being that the affidavits herein referred to "constituted all the evidence offered in support" thereof), the rule of presumption in support of the court's ruling on this ground would be applicable (2 Mayfield's Dig. pp. 490–495), especially in view of the fact that affidavits opposed thereto and filed in the cause are found in the record proper. But that question is not here necessary to be considered, and is therefore left undetermined, as the conclusion reached is in accord with that of the trial court in this regard, irrespective of this question, and wholly aside from the affidavits not in the bill of exceptions, and therefore not properly to be considered as evidence. Langley Bus Co. v. Messer (Ala. Sup.) 133 So. 287.[2] The charge herein copied was, under the evidence in this case, free from error, and needs no further comment.

The remaining grounds of the motion are not argued by appellee, but merely set out in brief. They have been carefully considered in consultation and the conclusion reached they clearly show no sufficient ground to set aside the verdict and need no further comment.

[2] 222 Ala. 533.

It results that in our opinion none of the grounds of the motion for a new trial was well founded, and that the court below committed error in granting the same. The judgment of the court in granting the motion for a new trial is therefore reversed and one here rendered denying the motion and reinstating the original judgment in the cause.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN, and FOSTER, JJ., concur.

