No. 33,056

Hazel I. DePee, *Appellee,* v. The National Life and Accident Insurance Company, *Appellant.*

(62 P. 2d 923)

Opinion filed December 12, 1936.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *Robert H. Nelson,* all of Wichita, for the appellant.

*Charles B. Hudson, E. L. Wheeler, Al Blase, Jr.,* and *Robert E. Blase,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to recover on a policy of insurance which defendant issued on the life of one Walter DePee who met a violent death in McPherson county.

The tragedy occurred on a highway near McPherson on April 19, 1935. The undersheriff, James, and a deputy, Fisher, halted an automobile driven by DePee and his brother and which was being used in the illegal transportation of intoxicating liquors. A gun battle ensued and Fisher, the deputy sheriff, and DePee, the insured, were killed.

DePee's widow brought suit to recover on her husband's insurance policy, which was dated February 22, 1934.

The defendant resisted on the ground that the policy had been issued upon a material misrepresentation of fact which vitiated it. In his application for the policy, dated February 1, 1934, and in response to categorical questions, DePee stated that his occupation was that of a plasterer, that he had followed that occupation for fourteen years, and that in such occupation he had been his own employer. In truth, during that fourteen years' interval he had been incarcerated for nearly seven years in the Oklahoma state penitentiary on a 25-year sentence for robbery, and was merely a paroled prisoner of that institution at the time he applied for the policy sued on. DePee's release from the penitentiary on a 15-year parole occurred on May 23, 1931. While out on parole he had repeatedly run afoul of the law; he had been jailed and finger-printed. On one such occasion, less than five months prior to the time he applied for this insurance, he informed the police department in Wichita that his occupation was that of a peddler.

The cause was tried before a jury. The facts of insured's prison record were established. So, too, were the pertinent matters involved in his application for insurance on which defendant relied to defeat a recovery on the policy. An officer of the defendant company who was a member of its risk committee testified by deposition that if defendant had known that instead of being a plasterer for fourteen years, the applicant had served a seven-year term in the Oklahoma penitentiary and that he was engaged in various illegal enterprises thereafter, the defendant would not have issued the policy, considering the risk involved.

On plaintiff's behalf there was some testimony that at one time and another, DePee, ever since he was *five* years old, had assisted in certain brief jobs of plastering. Defendant's demurrer to plaintiff's evidence had been timely interposed and overruled; and likewise its motion for a directed verdict.

The jury returned a verdict for plaintiff, and answered certain special questions thus:

"1. Do you find the evidence that Walter DePee, the assured under the policy sued on in this case, was an inmate of the Oklahoma state penitentiary at McAlester, Okla., from June of 1924 until 1931? A. Yes.

"2. (a) If you answer the foregoing questions in the affirmative, then state whether or not the said Walter DePee in making written application for said insurance concealed the fact that he had been an inmate in the state penitentiary at McAlester, Okla., from the defendant. A. No.

"(b) Do you find that defendant would have refused to have issued a policy if informed of same? A. No.

"3. Do you find that the said Walter DePee for a period of 14 years prior to the signing of said application for insurance had earned his livelihood by the occupation of plasterer? A. No.

"4. (a) Do you find from the evidence that prior to the signing of the application for this insurance the said Walter DePee had been engaged in various illegal enterprises? A. Yes.

"(b) If you have answered in the affirmative, would defendant have refused to have issued a policy if informed of same? A. No."

Defendant's motion to set aside special findings 2(b) and 4(b) on the ground that they were contrary to the evidence was overruled; likewise its motion for judgment *non obstante* on the other findings; and judgment was entered on the verdict.

Defendant appeals, contending first that in his application for insurance DePee fraudulently misrepresented material facts touching his occupation for the preceding fourteen years. Defendant's evidence, which was by deposition, was to the effect that the insurance company would not have accepted the risk nor issued the policy sued on if DePee had truthfully answered the questions touching his occupation—which would have disclosed the fact that during half of the fourteen years inquired about, he had been incarcerated in the Oklahoma penitentiary, and sentenced to other terms of imprisonment, consequent upon his course of life, which was largely devoted to crime, and not in the respectable and useful occupation of a plasterer, as he had represented.

It is quite apparent that the jury's answers to questions 2(b) and 4(b) were altogether uncandid and contrary to the only evidence on the point. While it is true that a jury is not always bound to give credence to testimony which is uncontradicted, the evidence bearing on the questions invoked in findings 2(b) and 4(b) was by deposition, in which situation this court has its own responsibility to determine what credence should be accorded to that testimony. (*Milberger v. Veselsky,* 97 Kan. 433, 155 Pac. 957; *Farney v. Hauser,* 109 Kan. 75, 83, 198 Pac. 178; *Linn v. Blanton,* 111 Kan. 743, 749, 208 Pac. 616; *Federal Agency Investment Co. v. Baker,* 122 Kan. 460, 252 Pac. 262; *Lytle v. Wade,* 129 Kan. 671, 678, 284 Pac. 411; *Palmer v. Johnson,* 132 Kan. 161, 164, 294 Pac. 874; *Wollard v. Peterson,* 143 Kan. 566, 56 P. 2d 476.) The jury was not justified in disregarding the defendant's evidence, since it was not inherently improbable; indeed, quite the contrary and in accord with common understanding and common sense; and neither was the jury justified

in returning special findings 2(b) and 4(b) which were diametrically opposed to all the evidence on the subject. See, also, *Mann v. Darden et al.*, 6 Ala. App. 555, 60 So. 454; *Bohen v. North Am. L. Ins. Co.*, 188 Ia. 1349, 177 N. W. 706; *Voss et al. v. Prier et al.*, 71 Ind. 128; *Hillis v. Kessinger*, 88 Wash. 15, 152 Pac. 687, Ann. Cas. 1917D. 757.

It is a matter of common knowledge that there is or may be a moral risk involved in the character of an applicant for life insurance. A man who has adopted a career of crime, and especially crime of violence, such as robbery, rum-running and the like, is not as safe a risk as a man who follows the honorable and useful occupation of a plasterer. DePee's predilection to a career of crime was involved in the very circumstances which culminated in his violent death, and the matters misrepresented in his application were material under the statute R. S. 1933 Supp. 40-418. (*Russell v. United Casualty Co.*, 123 Kan. 282, syl. ¶ 1, 255 Pac. 65; *Lodge v. Order of United Commercial Travelers*, 125 Kan. 26, 262 Pac. 598; *Klein v. Farmers & Bankers Life Ins. Co.*, 132 Kan. 748, 297 Pac. 730.)

In *Calligaro v. Midland Casualty Co.*, 211 Wis. 319, 247 N. W. 846, the headnotes of an analogous case read:

"1. In an action upon an accident insurance policy to recover for the death of the insured, the evidence is *held* to show that the insured in his application misrepresented his occupation as a clerk in a confectionery and soft-drink parlor, when in fact at the time he was a bartender in a speakeasy.

"2. In such case the misrepresentation was material to the risk under [the statute], and rendered the policy void at its inception. . . ."

See, also, *Ridgeway v. Modern Woodmen*, 98 Kan. 240, 157 Pac. 1191; L. R. A. 1917A 1062; and 4 Couch on Insurance, 3055 *et seq.*

This court holds that the misrepresentation in DePee's application touching the nature of his employment was material to the risk and rendered the policy void from its inception. The judgment is therefore reversed and the cause remanded with instructions to enter judgment for defendant.