269 So.2d 917

Rebecca **FOX**

v.

**STATE.**

**1 Div. 260.**

Court of Criminal Appeals of Alabama.

Nov. 21, 1972.

Seale, Marsal, Seale & Duke and Kirtley W. Brown, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

EDWARD N. SCRUGGS, Circuit Judge.

The indictment charged the defendant with transporting prohibited liquors in quantities of five gallons or more. Upon a jury trial, she was found guilty, and the trial court imposed a three-year sentence.

On the day that the defendant's motion for a new trial was heard, amended grounds were filed, among which were the following:

11. For that the jury verdict was rendered due to coercion on behalf of some of the other jurors.

12. For that some of the jurors were lead to believe that a mistrial could not be rendered and that they would be held together until all of them agreed on a verdict.

13. For that some of the jurors were lead to believe that they would be locked up and would have to spend the night together until they reached a verdict of guilty.

14. For that the verdict rendered by the jurors selected to serve in this cause was not a true and voluntary verdict on behalf of all of the jurors selected.

Filed with the amended petition were two separate but essentially identical affidavits by two of the trial jurors to the effect that the verdict was not unanimous in that it was not a true and voluntary verdict because of coercion on behalf of some of the other jurors who lead the affiants to believe that a mistrial could not be rendered and that the jury would be held together until all of them agreed upon a verdict and they would have to spend the night locked up. The affidavits further stated, in substance, that the two jurors did not believe that the defendant had the necessary intent to commit the crime inasmuch as they did not believe that she had any knowledge that the illegal contraband was located in her car, but that some of the other jurors told the affiants and lead them to believe that such knowledge was not necessary for a conviction but that it was enough that the liquors were located in the defendant's car.

The district attorney moved to strike the amendment to the motion for a new trial together with the two affidavits. Such motion to strike was not ruled upon by the trial court.

From the appellant's brief only and not from the record, we are informed that the same two jurors that gave the affidavits were present at the hearing upon the motion for a new trial and that the trial court refused to allow them to testify.

The trial court overruled the motion for a new trial, and the appellant here urges that the trial court erred in such ruling and that the trial court should have allowed the said jurors to testify.

■ It is the general rule in Alabama that a juror may not testify to an occurrence in the jury room amongst themselves for the purpose of impeaching their verdict. 1 McElroy, "The Law of Evidence in Alabama," Sec. 94.06.

In Hooks v. State, 45 Ala.App. 221, 228 So.2d 833, the foreman of the jury took shorthand notes as to the oral charge of the court pertaining to the four degrees of unlawful homicide; and, upon returning to the jury room, the foreman read aloud from her notes pertaining to the judge's definition of the degrees of unlawful homicide. It was there held that the verdict of the jury could not be impeached by the testimony of members of the jury panel as to things said and done in the jury room. See also Brackin v. State, 31 Ala.App. 228, 14 So.2d 383; Cusimano v. State, 31 Ala. App. 99, 12 So.2d 418; and Lawler v. State, 22 Ala.App. 329, 115 So. 420.

One of the most comprehensive decisions in this state upon the point of law here involved is found in Weekley v. Horn, 263 Ala. 364, 82 So.2d 341. Therein, Mr. Jus-

tice Mayfield, in speaking for the Supreme Court of Alabama, held as follows:

The general rule in Alabama, as well as in a majority of jurisdictions, is that affidavits of jurors will not be accepted for the purpose of impeaching their own verdict. Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169; Lackey v. Lackey, [262 Ala. 45,] 76 So.2d 761; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907; Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; Birmingham Ry., Light & Power Co. v. Moore, 148 Ala. 115, 42 So. 1024. The basis for the rule is well expressed in Gulf States Steel Co. v. Law, supra (224 Ala. 667, 141 So. 645), as follows:

"The court committed no error, when it declined to consider the affidavit of one of the jurors trying the case, who undertook to testify to his own and fellow jurors' action and conduct while considering the case. A due regard for the proper and orderly administration of the law, a proper regard for the solemnity of verdicts of jurors, as well as a sound public policy forbid that members of a jury, after they have made their deliverances in court, should be allowed to impeach their verdicts. To give consideration to such affidavits would tend to bring the law and its administration into disrepute. * * *."

There is an exception to the general rule that the affidavits of jurors will not be received to impeach their own verdict. This exception arises when the affidavits tend to show the *extraneous facts* which have influenced the verdict. Central of Georgia Ry. Co. v. Holmes, 223 Ala. 188, 134 So. 875; Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782; McCormick v. Badham, 204 Ala. 2, 85 So. 401; Dulaney v. Burns, 218 Ala. 493, 119 So. 21; Alabama Fuel & Iron Co. v. Rice, 187 Ala. 458, 65 So. 402. It is on this exception that appellant relies and grounds his contention . . .

Our prior opinions clearly establish that remarks between jurors during their deliberation, even though improper, are not such *extraneous facts*. In Central of Georgia Railway Co. v. Holmes, supra (223 Ala. 188, 134 So. 877), is found the following:

"But the law and public policy alike declare that affidavits of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict, * * *."

The following statement is found in Alabama Fuel & Iron Co. v. Powaski, supra (232 Ala. 66, 166 So. 787):

"But the affidavits here offered *were not of extraneous facts, but concerned the debates and discussions of the case by the jury while deliberating thereon.* They are therefore directly within the influence of the authorities herein noted."

\*     \*     \*     \*     \*     \*

To allow the deliberations of juries and the propriety of their discussions to be impeached by affidavits would abrogate the rule rather than create an exception. If the rule were otherwise it would allow and invite a veritable barrage of post trial affidavits, garnered and sought by nonsuccessful litigants in search of reversible error. This is the reason behind the rule which prevents a consideration of such affidavits.

■ In this case, the affidavits, as in the Powaski case, supra, "were not of extraneous facts, but concerned the debates and discussions of the case by the jury while deliberating thereon." It thus appears that the trial court could not have considered either the affidavits of the two jurors or their testimony on such matters. There being no competent evidence to support the allegations contained in Grounds 11 through 14 of defendant's motion for a new trial, the learned trial judge was cor-

rect in overruling the motion for a new trial on these grounds.

While this court could have ignored the appellant's contentions pertaining to the alleged action of the trial judge in refusing to allow the two jurors to testify since the record is completely silent as to such subject, we have responded somewhat to the question in this opinion because affidavits of jurors and testimony of jurors are both governed by the same rules herein reiterated.

We have carefully studied and considered the entire record in accordance with the mandate of Title 15, Section 389, of the Code of Alabama and no error appears in this cause.

The foregoing opinion was prepared by EDWARD N. SCRUGGS, Circuit Judge, temporarily on duty on the court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended, and was adopted by the court as its opinion.

The judgment below is hereby

Affirmed.

All the Judges concur.