EDWARD N. SCRUGGS, Retired Circuit Judge.
After the rendition of a divorce judgment, the husband appealed from an order of the trial court which granted the wife’s motion for a new trial on the ground of newly discovered evidence, The nature of that proposed newly discovered evidence was disclosed to the trial court only generally through the argument of the wife’s attorney at the new trial hearing. Those disclosures did not constitute proof thereof. No evidence was presented to support the wife’s motion for a new trial although two witnesses were present and available to testify.
Where a motion for a new trial on the ground of newly discovered evidence is contested, the burden is upon the movant to prove such new evidence in detail, and before a new trial can be. granted on that ground, the new evidence before the trial court “must show: (1) that such evidence would probably cause a different conclusion to be reached; (2) that such evidence is not merely cumulative of evidence already before the court; (3) that he had no notice of the existence of the evidence; and (4) that the evidence could not have been discovered prior to trial by the exercise of due diligence.” Hall v. Mazzone, 486 So.2d 408, 412-13 (Ala.1986) (citation omitted). The proof of the nature of the newly discovered evidence is ordinarily presented to the trial court by the attachment of the affidavits of the witnesses to the motion for a new trial, or by an agreement or stipulation of the parties concerning those alleged facts, or by presenting the testimony of the witness either through discovery or ore terms before the trial court. Hall, 486 So.2d 408; National Security Insurance Co. v. Elliott, 276 Ala. 353, 162 So.2d 449 (1964); Central of Georgia Railway Co. v. Holmes, 223 Ala. 188, 134 So. 875 (1931); Shipp v. Shelton, 193 Ala. 658, 69 So. 102 (1915).
Since there was a total absence of proof concerning the newly discovered evidence, the learned trial court erred in granting a new trial on that ground. Accordingly, we reverse and remand this case to enable the trial court to set aside its order granting the motion for a new trial and thereafter to hold a hearing upon the wife’s motion for a new trial, whereby proper proof of the alleged newly discovered evidence can be offered, evaluated, and considered.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.